## STATE OF MISSOURI EX REL. ST. LOUIS, BROWNSVILLE & MEXICO RAILWAY COMPANY *v.* TAYLOR, JUDGE OF THE CIRCUIT COURT OF THE CITY OF ST. LOUIS.

ERROR AND CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 89.　Argued October 17, 1924.—Decided November 17, 1924.

1. A judgment of a state Supreme Court denying an application for a writ of prohibition to prevent a lower court from entertaining jurisdiction by garnishment over an action against a foreign railroad corporation for damage to an interstate shipment, *held* a final judgment, and reviewable in this Court by certiorari, but not by writ of error. P. 206.
2. A Delaware corporation, having a usual place of business in Missouri, brought an action in a Missouri court against a Texas corporation which operated a railroad in Texas only and had no place of business, nor had consented to be sued, in Missouri, the cause of action being damage, done possibly in Missouri, to freight shipped to that State from Texas, over defendant's line, on a through bill of lading, and the basis of jurisdiction in Missouri

---

being the garnishment of traffic balances due the defendant from a connecting interstate carrier having a place of business there. *Held:*

(a) That the Missouri attachment law, by requiring interstate car.riers to submit to garnishment in such circumstances, did not unreasonably burden interstate commerce. P. 207.

(b) The fact that the cause of action arose under an act of Congress (the Carmack Amendment), and could not be entertained originally by a federal court in Missouri without personal service on the defendant, was not an obstacle to its enforcement in the state court by garnishment. P. 207.

3. When Congress creates a right of action and makes no provision concerning the remedy, the federal and state courts have concurrent jurisdiction, and the plaintiff choosing a state court is entitled to whatever remedial advantage inheres in the forum. P. 208.

4. No peculiarity of state procedure can enlarge or abridge a substantive federal right; but to enforce a federal claim by subjecting property within the State to its satisfaction through attachment does not enlarge the substantive right. P. 209.

298 Mo. 474, affirmed.

Error and certiorari to a judgment of the Supreme Court of Missouri denying an application for a writ of prohibition to stop proceedings in a lower court of the State.

*Mr. M. U. Hayden,* with whom *Mr. H. H. Larimore, Mr. James F. Green* and *Mr. Thos. T. Railey* were on the brief, for plaintiff in error and petitioner.

Since service by attachment is not permissible in the federal courts, and the right of action is based upon a federal statute, the attachment law of the State cannot be resorted to. To do so would affect substantive rights rather than matters of mere procedure. This contrary ruling is challenged on the ground that it violates both the due process clause and the commerce clause of the Federal Constitution, and is contrary to the decisions of this Court in *Charleston, etc., Ry. Co.* v. *Varnville Co.,* 237 U. S. 604; *New York Cent. R. R. Co.* v. *Winfield,* 244

U. S. 153; *Pryor* v. *Williams*, 254 U. S. 43; *Central Vermont Ry. Co.* v. *White*, 238 U. S. 511; *Davis* v. *Farmers Cooperative Co.*, 262 U. S. 312.

The Carmack Amendment having superseded all state laws as to proceedings for damages to interstate shipments, the right of defense by carriers sued on causes of action arising under the act is a substantive right which cannot be defeated or abridged by a state statute. *Davis* v. *Wechsler*, 263 U. S. 22; *Davis* v. *Farmers Co-operative Co.*, *supra*; *Central Vermont Ry. Co.* v. *White*, *supra*; *Southern Ry. Co.* v. *Prescott*, 240 U. S. 641; *Lysaght* v. *Railroad Co.*, 254 Fed. 353; *Atlantic Coast Line R. R. Co.* v. *Riverside Mills*, 219 U. S. 206; *Galveston, etc., Ry. Co.* v. *Wallace*, 223 U. S. 491; *Adams Express Co.* v. *Croninger,* 226 U. S. 503, 507.

Federal laws govern as to actions against nonresident defendants under the act, and there should be no proceeding without personal service. *Charleston, etc., Ry. Co.* v. *Varnville Co.*, *supra*; *Pratt* v. *Railway Co.*, 284 Fed. 1007; *Haddock* v. *Haddock*, 201 U. S. 562; *Davis* v. *Farmers Co-operative Co.*, *supra*; *Pennoyer* v. *Neff*, 95 U. S. 726; *Big Vein Coal Co.* v. *Read*, 229 U. S. 38; *Laborde* v. *Ubarri*, 214 U. S. 173; *Levy* v. *Fitzpatrick*, 15 Pet. 171; *Ex parte Railway Co.*, 103 U. S. 796; *Toland* v. *Sprague*, 12 Pet. 329.

Personal service, as distinguished from service by foreign attachment, is a substantive right rather than a mere matter of procedure. *Pritchard* v. *Norton*, 106 U. S. 124, 128–136; *Central Vermont Ry. Co.* v. *White*, *supra*; *Southern Ry. Co.* v. *Gray*, 241 U. S. 338–9; *New Orleans & N. E. R. R. Co.* v. *Harris*, 247 U. S. 371; *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 126; *Southern Ry. Co.* v. *Prescott*, *supra*; *American Ry. Exp. Co.* v. *Levee*, 263 U. S. 19; *Davis* v. *Farmers Co-operative Co.*, *supra*; *Davis* v. *Wechsler*, *supra*; *Harland* v. *Telegraph Co.*, 40 Fed. 311; *Butler* v. *Young*, 1 Flip. 276; *Pratt* v. *Railway Co.*, *supra*.

It is apparent from the foregoing decisions that the initial carrier, in an action based upon the Carmack Amendment, cannot be sued in any federal court other than one in which personal service can be obtained. State legislatures cannot add to this federal right the further right that Congress has not seen fit to grant, namely, a right to sue in a jurisdiction in which defendant is not doing business. See *Charleston, etc., Ry. Co.* v. *Varnville Co., supra,* 597.

Since the full faith and credit clause does not require one State to respect the judgment of another State based upon service by publication, *Haddock* v. *Haddock,* 201 U. S. 562, it follows that personal service must be a substantive right rather than a mere matter of procedure, for certainly no court has ever held that full faith and credit should not be given to the judgment of a foreign State merely because of the practice and procedure in the trial of the case which led to the judgment. As to such matters of practice and procedure the judgment is conclusive, but with respect to such substantive rights as that of personal service the judgment is not conclusive. *Pennoyer* v. *Neff, supra,* 726.

*Mr. J. L. London,* with whom *Mr. John S. Leahy, Mr. Walter H. Saunders* and *Mr. Lambert E. Walther* were on the brief, for defendant in error and respondent.

Attachment under state statute on a nonresident defendant without personal service will lie upon interstate shipments when there is no interference with interstate commerce. *Davis* v. *Cleveland, C. C. & St. L. Ry Co.,* 217 U. S. 157; *Chicago, R. I. & P. R. R. Co.* v. *Sturm,* 174 U. S. 710; *Harris* v. *Balk,* 198 U. S. 225; *Martin* v. *West,* 222 U. S. 191.

The Carmack Amendment does not provide an exclusive remedy, but expressly provides " that the act shall not deprive any holder of a bill of lading of any remedy or

right of action which he has under existing law." *Georgia,* · *Fla. & Ala. Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190; *Bichlmeir* v. *Minnesota R. R. Co.,* 159 Wis. 404; *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Elliott* v. *Chicago, etc., R. Co.,* 35 S. Dak. 57; *Western, etc., R. R. Co.* v. *White Prov. Co.,* 142 Ga. 246.

A proceeding in attachment is only incidental to a cause of action and is not the cause of action itself. It is remedial in nature. Mo. Rev. Stats. 1919, § 1725; *Laborde* v. *Ubarri,* 214 U. S. 174.

Garnishment is incidental to a suit in attachment, and, like attachment, may be brought in aid of the cause of action, but is not a cause of action proper. It is remedial, and not a substantive right. Mo. Rev. Stats. 1919; § 1846; *Tinsley* v. *Savage,* 50 Mo. 141; *McFaddin* v. *Evans-Snider-Buel Co.,* 185 U. S. 505; *Rice* v. *Adler-Goldman Co.,* 71 Fed. 151; *Peoples Saving Bank & Trust Co.* v. *Batchelder-Egtas Co.,* 1 Fed. 130; *Hanscom* v. *Malden & Melrose Co.,* 220 Mass. 8; 28 Corpus Juris, § 9, part C, also p. 19; *King* v. *Cross,* 175 U. S. 396; and other state cases.

The construction placed upon an attachment statute by the Supreme Court of the State is binding on the federal courts sitting in that State. *Rice* v. *Adler-Goldman Co., supra; Peoples Saving Bank & Trust Co.* v. *Batchelder-Egtas Co.,* 1 Fed. 130.

A foreign corporation, licensed to do business in a State, and having an agent there, has the same right to bring suit in such State as a domestic corporation or an individual, and has the constitutional and statutory rights, both state and federal, of a domestic corporation, relating to the institution of suits. *Sidway* v. *Land Co.,* 187 Mo. 673; *McCabe* v. *Railroad,* 13 Fed. 827; *Railroad Co.* v. *Harris,* 12 Wall. 65; Murphree, Foreign Corporations, § 247; *Express Co.* v. *Ware,* 20 Wall. 543.

The ruling of the court below giving the shipper the right to bring suit by attachment is not an interference with interstate commerce.   Distinguishing *Charleston, etc., Ry. Co.* v. *Varnville Co.,* 237 U. S. 604; and *New York Central R. R. Co.* v. *Winfield,* 244 U. S. 153.   In the case at bar the bringing of the attachment has nothing to do with the interstate shipment, but is merely an incident to a suit, being procedural and affecting the remedy. *McFaddin* v. *Evans-Snider-Buel Co.,* 185 U. S. 505; *Rice* v. *Adler-Goldman Co.,* 71 Fed. 151; *Peoples Saving Bank & Trust Co.* v. *Batchelder-Egtas Co.,* 1 Fed. 130; *Hanscom* v. *Malden & Melrose Co.,* 220 Mass. 8; *Missouri, Kansas & Texas Ry. Co.* v. *Harris,* 234 U. S. 412; cf. *Pryor* v. *Williams,* 254 U. S. 43, and *Central Vermont Ry. Co.* v. *White,* 238 U. S. 511.

Attachment is not an interference with interstate commerce.   Discussing and distinguishing, *Davis* v. *Farmers Co-operative Co.,* 262 U. S. 312; *International Harvester Co.* v. *Kentucky,* 234 U. S. 579; *Atchison, T. & S. F. Ry. Co.* v. *Wells,* 265 U. S. 101; *Davis* v. *Cleveland, C., C. & St. L. Ry. Co.,* 217 U. S. 157.

See Interstate Commerce Act, § 22; § 20, par. 11; *Texas & Pacific Ry. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426, 446-7; *Adams Express Co.* v. *Croninger* 226 U. S. 491, 507-8.

It is clear from the cases last cited that all the rights and remedies not inconsistent with the provisions of the Interstate Commerce Act remained in force and effect after the passage of the Carmack Amendment.   Attachment, being merely a statutory form of remedy, would not be inconsistent with any provision of that act or with any provision of the Amendment.

If the imposition of an attorney's fee is permissible under a state statute, *Missouri, K. & T. Ry. Co.* v. *Harris,* 234 U. S. 412, certainly the remedy of attachment in the state court would entail no additional burden and would

remain open to the shipper. Judicial Code, § 36, and the decisions and practice in the federal courts, recognize and give effect to attachments in state courts. *Clark* v. *Wells,* 203 U. S. 164.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The American Fruit Growers, Inc., a Delaware corporation with a usual place of business in Missouri, brought an action against the St. Louis, Brownsville & Mexico Railway Company in an inferior court of Missouri. Jurisdiction was asserted solely by reason of the garnishment of traffic balances due from a connecting interstate carrier having a place of business in Missouri. The Brownsville Company is a Texas corporation; operates its railroad solely in that State; has no place of business in Missouri; and has not consented to be sued there. The cause of action sued on consisted of three claims of a consignee for damages to freight originating in Texas on lines of the Brownsville Company and shipped on through bills of lading to points in other States.

The Brownsville Company did not enter an appearance, general or special. Instead, it instituted in the Supreme Court of Missouri an application for a writ of prohibition—the proceeding here under review—praying that the judge of the inferior court be enjoined from taking cognizance of the pending action because he lacked jurisdiction. The highest court of the State denied relief. 298 Mo. 474. The case is here on writ of error; and also on certiorari, 263 U. S. 696. The suggestion was made, at the argument, that this Court is without jurisdiction, because the judgment below was not final. The contrary is settled. The application for a writ of prohibition is an independent adversary suit which was finally determined by the judgment under review. *Detroit & Mackinac Ry. Co.* v. *Mich-*

*igan Railroad Commission,* 240 U. S. 564, 570.   The writ
of error must, however, be dismissed for another reason.
See *Stadelman* v. *Miner,* 246 U. S. 544.

The claim that the inferior court of Missouri lacked
jurisdiction of the action for damages is rested on two
grounds.   One contention is that the Missouri attachment
law, as construed and applied, is void under the rule of
*Davis* v. *Farmers Co-operative Equity Co.,* 262 U. S. 312,
and *Atchison, Topeka & Santa Fe Ry. Co.* v. *Wells,* 265
U. S. 101.   The facts of this case differ vitally from those
involved there.   Here, the plaintiff consignee is a resi-
dent of Missouri—that is, has a usual place of business
within the State; the shipment out of which the cause of
action arose was of goods deliverable in Missouri;[1] and,
for aught that appears, the negligence complained of oc-
curred within Missouri.   To require that, under such cir-
cumstances, the foreign carrier shall submit to suit within
a State to whose jurisdiction it would otherwise be amena-
ble by process of attachment does not unreasonably
burden interstate commerce.

The other contention is more strenuously urged.   It is
argued that the cause of action on which the consignee
sues is the liability of the initial carrier for a loss occur-
ring through the negligence of a connecting carrier; that
this liability arises out of a federal law, Carmack Amend-
ment, June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 584,
595; that the conditions under which the federal right
may be enforced are the same whether the plaintiff pro-
ceeds in the state court or the federal court; that original
jurisdiction could not have been obtained by attachment
in a federal court for Missouri, because personal service
could not be made upon the Brownsville Company, *Ex*

---

[1] This is true only of one of the three shipments on account of
which the action was brought.   But if the inferior court had juris-
diction as to any one, it was obviously proper to deny the writ of
prohibition.

*parte Railway Co.*, 103 U. S. 794; *Big Vein Coal Co.* v. *Read,* 229 U. S. 31; and that, therefore, no court of the State could entertain a suit to enforce the claim.

The argument is unsound. Congress created the right of action. It might have provided that the right shall be enforceable only in a federal court. It might have provided that state courts shall have concurrent jurisdiction only of those cases which, by the applicable federal law, could, under the same circumstances, have been commenced in a federal court for the particular State. But Congress did neither of these things. It dealt solely with the substantive law. As it made no provision concerning the remedy, the federal and the state courts have concurrent jurisdiction. *Galveston, etc., Ry. Co.* v. *Wallace,* 223 U. S. 481, 490. The federal right is enforceable in a state court whenever its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws. *Second Employers' Liability Cases,* 223 U. S. 1, 56–7; *Claflin* v. *Houseman,* 93 U. S. 130, 136–7.

Missouri conferred jurisdiction over claims of this nature upon the court in which the consignee sued. Under its law, this jurisdiction may be exercised, to the extent of applying property attached to the satisfaction of a claim, even though personal service cannot be made upon the defendant. That remedy is one which was not available to the consignee in the federal court for Missouri. But this fact is not of legal significance. Compare *Red Cross Line* v. *Atlantic Fruit Co.,* 264 U. S. 109. The origin of the right does not affect the manner of administering the remedy. The grant of concurrent jurisdiction implies that, in the first instance, the plaintiff shall have the choice of the court. As an incident, he is entitled to whatever remedial advantage inheres in the particular forum. *Minneapolis & St. Louis R. R. Co.* v. *Bombolis,* 241 U. S.

211, 221. No peculiarity of state procedure will be permitted to enlarge or to abridge a substantive federal right. *Central Vermont Ry. Co.* v. *White,* 238 U. S. 507, 511; *Atlantic Coast Line R. R.* v. *Burnette,* 239 U. S. 199; *New Orleans & Northeastern R. R. Co.* v. *Harris,* 247 U. S. 367, 371; *Yazoo & Mississippi Valley R. R. Co.* v. *Mullins,* 249 U. S. 531. But to enforce a claim by subjecting property within the State to its satisfaction, through attachment proceeding, does not enlarge the substantive right.

The practice of obtaining in this way satisfaction of a claim *in personam* against an absent defendant is not one abhorrent to, or uncommon in, federal courts. In admiralty, district courts take original jurisdiction under such circumstances. *Atkins* v. *Disintegrating Co.,* 18 Wall. 272. At law, they do so on removal. When the case is removed, it proceeds to judgment in the federal court and the judgment is enforced there as against the attached property with the same effect as if the cause had remained in the state court. *Clark* v. *Wells,* 203 U. S. 164.

<div align="right">

*Writ of error dismissed.*
*Judgment affirmed.*