CHESTER A. JOHNSTON, Plaintiff, *v.* ATLANTIC COAST LINE RAIL-ROAD COMPANY, Defendant.   (Actions Nos. 1, 2 and 3.)

Supreme Court, Erie County, October 6, 1926.

Corporations — foreign corporations — action in Erie county against foreign railroad — action is to recover damages for loss of perishable goods during shipment — defendant is initial carrier — cause of action arose out of State — plaintiff had right under General Corporation Law, § 46, to sue defendant in this State — motion to set aside service of summons on ground that litigation would burden interstate commerce — motion denied.

The motion by the defendant, a foreign railroad corporation, to set aside the service of a summons on the ground that the litigation would tend to burden interstate commerce is denied, since it appears that while the action, which is based on injury to perishable property and is brought against the initial carrier, arose out of the State, still section 46 of the General Corporation Law authorizes an action against a foreign corporation by a resident of this State. It cannot be said that the maintenance of the action in this State constitutes an unreasonable burden upon interstate commerce.

MOTION to set aside service of summons and complaint.

*Stewart & Shearer* [*William C. Warren, Jr.,* of counsel], for the motion.

*O'Grady, Orr, Morgan & Dudley* [*Harold E. Orr* of counsel], opposed.

NOONAN, J. The defendant has appeared specially to move to set aside the service of the summons and complaint in three actions brought against it by the plaintiff " upon the ground that the court has no jurisdiction of the subject matter· of the action and has no jurisdiction of the person of the defendant in that to take jurisdiction would constitute an undue burden on interstate commerce and violate the rights of the defendant under the commerce clause of the Constitution of the United States and upon any other grounds set forth in rule 107 of the Rules of Civil Practice."

From the motion papers it appears that the plaintiff is a resident of the State of New York; that he is the original owner and not an assignee of said causes of action; that he is a wholesale dealer in carload lots of perishable garden produce; that he buys it in

various parts of the United States and sends it to various markets to be sold; that in June, 1924, he purchased, in North Carolina, three carloads of cucumbers, two of which were sent to Chicago, Ill., and the other one to Detroit, Mich.; that by reason of improper transportation of said cucumbers, he suffered substantial loss; that the defendant operates a railroad in North Carolina and Virginia, and was the initial carrier of said shipments.

Section 46 of the General Corporation Law (as added by Laws of 1920, chap. 916) reads as follows: " An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action."

In the present cases service of the summonses and complaint was made upon an assistant secretary of the defendant at 71 Broadway, New York, N. Y., where it maintains a regular office for the transaction of its financial business. The regularity of such service is not questioned. The defendant's sole claim is that the allowance of the litigation would constitute an undue burden on interstate commerce.

In support of its motion the defendant relies generally upon the cases of *Davis* v. *Farmers Co-operative Equity Co.* (262 U. S. 312) and *Atchison, Topeka & Santa Fe R. Co.* v. *Wells* (265 id. 101). In both of those cases the plaintiff was a non-resident of the State in which the action was brought, and each action could have been properly brought in the State where the plaintiff resided.

That the rule laid down in the *Davis* case is not an inflexible one is indicated in the opinion of Mr. Justice BRANDEIS. Approval is given to the decision in *Alabama & Vicksburg R. Co.* v. *Journey* (257 U. S. 111), which held that General Order No. 18 (and 18-A), issued by the Director-General of Railroads, requiring, as stated in said case, " suit to be brought in the county or district where the cause of action arose or where the plaintiff resided at the time it accrued," was reasonable and valid, and of general application " in time of peace as well as of war."

The case of *International Harvester Co.* v. *Kentucky* (234 U. S. 579), holding that " the fact that the business carried on by a corporation is entirely interstate in character does not render the corporation immune from the ordinary process of the courts of the State," is also approved.

I think the court also stated the broad, equitable rule in such cases when it said (p. 316) that " The requirements of orderly, effective administration of justice are paramount."

The court further said: " It may be that a statute like that here assailed would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose

had been entered upon within the State, or if the plaintiff was, when it arose, a resident of the State."

In a later case (*State of Missouri ex rel. St. Louis, B. & M. R. Co. v. Taylor*, 266 U. S. 200) Mr. Justice BRANDEIS gave effect to his *dicta* in the *Davis* case by holding that the plaintiff, a Delaware corporation, having a usual place of business in Missouri, could maintain its action in the Missouri courts against a foreign railroad corporation doing business only in the State of Texas.

While it is important that litigation should not impose an undue burden upon interstate commerce, it is equally, and perhaps more, important that a plaintiff should not be unduly hampered in getting his grievances duly adjusted by a proper tribunal.

The law of this State gives the plaintiff the right to bring his actions in its courts and the weight of judicial authority sustains the statute.

In my opinion the " orderly, effective administration of justice " requires that the motion be denied.

An order may be entered denying the motion to set aside the service of the summons and complaint in each action, with ten dollars costs.