PATRICK B. MIELE, Plaintiff, *v.* CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Defendant.

City Court of New York, New York County, January 30, 1934.

138

*Francis A. Castellano, Jr.,* for the plaintiff.

*Cravath, de Gersdorff, Swaine & Wood,* for the defendant.

SCHIMMEL, J. The defendant, a Wisconsin railroad corporation, is engaged in the operation of railroad lines in interstate commerce. It has never operated any line within the State of New York, and its lines do not run east of the State of Illinois. The present action was instituted against it for alleged damage to merchandise delivered to it in Wisconsin for shipment to New Jersey. The defendant was the first of several connecting carriers. The merchandise never came within this State. The consignor, also a Wisconsin corporation, for value assigned its cause of action for the damage in question to the present plaintiff, a resident of New York.

Defendant, appearing specially herein for the purpose of objecting to the jurisdiction of this court, asserts that the maintenance here of this action constitutes an undue burden upon a carrier engaged in interstate commerce. Defendant points out that the contract of shipment was made in Wisconsin between two corporations resident in that State; that no part of the contract was to be performed in New York; that it has here no lines, no freight claim department, no records regarding the shipment; that none of its witnesses familiar with this shipment and with the nature and extent of defendant's performance of its contract reside here, but that all of them are employed in interstate commerce without the State of New York. Defendant contends that, under these circumstances, the bringing of this action against it in this jurisdiction is in contravention of the Federal Constitution, notwithstanding the fact that it is concededly engaged in doing business here, and notwithstanding the further fact that section 224 of the New York General Corporation Law authorizes the maintenance of this action; that section reads as follows: "An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action."

Leaving the inhibitions of the Federal Constitution regarding the imposition of undue burdens upon interstate commerce out of consideration, there is no doubt that this action was properly brought here under the laws of this State. (*McCauley* v. *Georgia Railroad Bank*, 239 N. Y. 514.)

Were plaintiff a non-resident, an action by him for damage to a shipment in no way connected with New York, against a non-resident interstate carrier, operating no lines within the State, although doing business therein, would not have been permissible, notwithstanding subdivision 4 of section 225 of the General Corporation Law, which provides that "An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, * * * where a foreign corporation is doing business within this State." (*N. V. Brood en Beschuitfabriek, etc.*, v. *Aluminum Co.*, 231 App. Div. 693.)

Is the resident assignee for value of a cause of action accruing to a non-resident in a better position?

In *Davis* v. *Farmers Co-operative Equity Company* (262 U. S. 312, at pp. 315, 316) it was said, Mr. Justice BRANDEIS writing for the court: "That the claims against interstate carriers for personal injuries and for loss and damage of freight are numerous; that the amounts demanded are large; that in many cases carriers deem it imperative, or advisable, to leave the determination of their liability to the courts; that litigation in states and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers; these are matters of common knowledge. Facts, of which we also take judicial notice, indicate that the burden upon interstate carriers imposed specifically by the statute here assailed is a heavy one; and that the resulting destruction to commerce must be serious."

The Minnesota statute under consideration in that case read: "Any foreign corporation, having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent."

In accordance with that statute, an action was brought in Minnesota by Farmers' Co-operative Equity Company, a Kansas corporation, against the Director-General of Railroads, as agent of a Kansas railroad corporation, which neither owned nor operated any lines in Minnesota, for the loss of freight shipped from a point in Kansas to another point in the same State. The Minnesota statute in question, in so far as applicable to such action, was held

unconstitutional by the United States Supreme Court, which set aside the judgment obtained in the Minnesota courts.

The following facts are found in *Michigan Central Railroad Company* v. *Mix* (278 U. S. 492): A resident of Michigan was there killed while in the performance of his duties as a switchman in the employ of the defendant, a Michigan railroad corporation. His widow subsequently removed to Missouri and, having qualified as his administratrix, commenced an action in that State against the railroad corporation for damages resulting from her husband's death. The defendant operated no lines in Missouri.

Again writing for the Supreme Court, Mr. Justice BRANDEIS here said: "There, [referring to *Davis* v. *Farmers' Co-operative Equity Company, supra*] the plaintiff was a non-resident. Here, the plaintiff had become a resident in Missouri after the injury complained of, but before instituting the action. For aught that appears, her removal to St. Louis shortly after the accident was solely for the purpose of bringing the suit; and because she was advised that her chances of recovery would be better there than they would be in Michigan. The mere fact that she had acquired a residence within Missouri before commencing the action does not make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a state remote from that in which the accident occurred and in which both parties resided at the time." (278 U. S. 492, at p. 495.)

In *Denver & Rio Grande Western R. R. Co.* v. *Terte* (284 U. S. 284) we find an action brought in Missouri against two railroad corporations, allegedly liable to plaintiff for injuries resulting from their joint negligence. One of the defendants, the Denver and Rio Grande Western Railroad Company, was a Delaware corporation operating lines in various States, but none in Missouri; the other defendant, the Santa Fe, was a Kansas corporation also operating lines in a number of States, including, however, Missouri, where it had a license to do business. Plaintiff was, at the time he sustained his injuries, a resident of Colorado; before commencing his action he removed to Missouri, and, as the Supreme Court said (at p. 286), "became a *bona fide* resident and citizen of Missouri."

As against the Santa Fe, the Supreme Court held that the action had been properly brought in Missouri, since it operated lines there; as against the Rio Grande, however, which operated no lines in Missouri, the court found that the action could not be maintained in that State. Mr. Justice McREYNOLDS said: "The prohibition against burdening interstate commerce cannot be avoided by the simple device of a joint action. Nor can this be evaded merely by attaching the property of the non-resident railroad corporation.

Obviously, the burden and expense which the carrier must incur in order to make defense in a State where the accident did not occur has no relation to the nature of the process used to bring it before the court." (284 U. S. 284, at p. 287.) The court also said (at p. 287) (and this is appropriate to similar contentions made by the plaintiff herein): " The alleged residence in Missouri of persons whose testimony plaintiff supposed would be necessary to prove his claim was not enough to justify retention of jurisdiction by the Circuit Court. While this circumstance might enable plaintiff to try his cause there with less inconvenience than elsewhere, it would not prevent imposition of a serious burden upon interstate commerce." In the instant case it is shown that defendant's witnesses are at a considerable distance from this State. Moreover, the validity of the statute under which service is made upon an interstate carrier does not depend upon the " quantum of proof " offered by the respective parties to the suit. ( *N. V. Brood en Beschuit-fabriek, etc.,* v. *Aluminum Co., supra,* at p. 695.)

The foregoing authorities make it manifest that here there is a complete failure of jurisdiction, although the defendant is doing business within this State and although the action is warranted by section 224 of the General Corporation Law of New York. That statute, in so far as it authorizes this action, is unconstitutional.

Even plaintiff's assignor, the consignor of the merchandise in question (assuming such consignor were an individual rather than a corporation) would not have been permitted, upon removal to this State and the acquisition of a *bona fide* residence here, to bring this action here. Obviously then, the consignor may not occasion the institution of such a suit in this jurisdiction, where it does not reside, against a non-resident carrier engaged in interstate commerce, who operates no lines here, by assigning its cause of action, arising entirely outside of this State, to a resident of the State. The Supreme Court took into consideration the possibility, as we have seen, that a litigant might remove to another State and acquire residence there for the express purpose of bringing suit. It is much more probable that an assignment of a chose in action to a resident of another State would be effected for just such a purpose.

Motion to set aside service of the summons and complaint herein is granted; this action is hereby dismissed upon the ground that the court has no jurisdiction thereof. Judgment may be entered accordingly.