FEDERAL LAND BANK OF ST. LOUIS *v.* PRIDDY.

4-3515

Opinion delivered June 18, 1934.

*Guy V. Head, J. R. Crocker* and *L. F. Reeder,* for petitioner.

*C. C. Wait,* for respondent.

HUMPHREYS, J. This is an application to this court for a writ of prohibition to prevent the circuit court of Pope County, Arkansas, from proceeding with the trial of the case of S. M. Brisco *v.* the Federal Land Bank of St. Louis, a corporation, upon constructive service. Constructive service was obtained under the provisions of our statute (Crawford & Moses' Digest, §§ 1159-1160) by suing out a general writ of attachment on the ground that the Federal Land Bank of St. Louis was a foreign corporation and by levying same upon land in Pope County belonging to said corporation and duly publishing a warning order notifying said corporation to appear in said court and defend the action.

The petitioner herein appeared in response to the warning order for the sole purpose of contesting the service and filed an unverified motion to quash the service on the grounds: first, that it was not a foreign corporation; and, second, that its property in the State of Arkansas is not subject to attachment because said corporation is an instrumentality of the government of the United States.

The motion was overruled, and this application for a writ of prohibition followed.

The basis of this suit was a claim for a commission of $300 alleged to have been earned by a duly licensed real estate broker for the sale of a farm valued at $6,000, acquired by the Federal Land Bank of St. Louis, Missouri, through foreclosure proceedings to enforce the collection of money it had loaned.

Personal service could not be obtained because the Federal Land Bank of St. Louis, Missouri, had not, and was not required to maintain, a branch office in the State of Arkansas nor to designate an agent in the State of Arkansas upon whom service of summons may be had before it could do business in the State.

The banking corporation was organized under the provisions of an act of Congress of the United States, approved July 17, 1916, for the purpose of lending money upon mortgage securities in the States of Missouri, Illinois and Arkansas, with its domicile or its principal place of business in the city of St. Louis, Missouri.

The act authorizing the creation or organization of the corporation provides, in paragraph 6 of § 4, that such banking corporations, when organized, may "sue or be sued, complain, interplead and defend in any court of law or equity as fully as natural persons."

(1). The first contention of petitioners in support of their request for a writ of prohibition is that the Federal Land Bank of St. Louis cannot be sued anywhere except in a court of competent jurisdiction within the territorial limits of its domicile in St. Louis, Missouri. This contention is without merit, as the act of Congress authorizing the creation of said banking corporation provides in the plainest language that it may be sued in any court of law or equity as a natural person may be. This section can have no other meaning except that the corporation may be sued wherever service can be obtained upon it, actually or constructively. However, petitioner argues that the constructive service in the instant case was insufficient because the basis of the service rests upon the allegation that it is a foreign corporation; whereas it was not made a foreign corporation with respect to Arkansas by the act of Congress authorizing its creation. Authorities are cited by petitioner tending to support the theory that it is a domestic corporation of the United States and consequently a domestic corporation or resident of the State of Arkansas, as Arkansas is a part of the United States. These authorities are not in point because they do not take into consideration our statutes

defining foreign corporations. Foreign corporations, in contemplation of law in this State, are defined by statutes in the following language:

"A foreign corporation is one created by the laws of some other State or country." Section 9743 of Crawford & Moses' Digest.

"The words 'other country' signify any part of the world out of this State." Section 9744 of Crawford & Moses' Digest.

In 14a C. J., 1214, § 2934, in discussing the subject of whether a Federal corporation is foreign to States, it is said: "Under statutes defining a foreign corporation as one created under the laws of any other State, government or country, a Federal corporation has been held to be a foreign corporation with respect to a State."

We are of opinion that the Federal Land Bank of St. Louis, Missouri, is a foreign corporation, and that the constructive service was sufficient.

(2). The second contention of petitioner in support of its request for a writ of prohibition is that the Federal Land Bank of St. Louis, Missouri, is an instrumentality of the government of the United States, and that on that account its property is not subject to attachment. In the act authorizing the creation of said banking corporation, there is no limitation or restriction against reaching its property by attachment. We know of no law preventing levy by attachment against the property of corporations created by act of Congress except preventing attachment against the property of national banks before judgment is obtained against them. *Van Reed* v. *People's National Bank,* 198 U. S. 554, 25 S. Ct. 775. If Congress had intended that the property of the Federal Land Banks should not be subject to attachment, it would have prohibited same in the act. We think the case of *The State of Missouri ex rel. St. Louis, Brownsville & Mexico Ry. Co.,* v. *Taylor, Judge of the Circuit Court of the City of St. Louis,* 266 U. S. 200, 45 S. Ct. 47, announces principles applicable to the case in hand.

The writ is therefore denied.

McHaney and Butler, JJ., dissent.

Smith and Mehaffy, JJ., concur in the result.