JACOB JACOBSON, Plaintiff, *v.* BALTIMORE AND OHIO RAILROAD COMPANY, Defendant.

City Court of New York, Special Term, New York County, November 18, 1936.

*George J. Cooper,* for the plaintiff.

*Harold R. Oakes* [*Robert Schwebel* of counsel], for the defendant.

NOONAN, J. The amended complaint alleges that the defendant, Baltimore and Ohio Railroad Company, is a railroad corporation organized under the laws of the State of Maryland, that it operates various lines of railroad through portions of the State of West Virginia and other States of the Union, and is engaged as a common carrier in interstate commerce shipments and transportation between the State of West Virginia and other States, more particularly the States of Rhode Island and New York. It is further alleged that it maintained a regular freight depot at Sutton, W. Va., and that at that place on or about April 8, 1926, the Colonial Lumber and Timber Company, a corporation organized under the laws of the State of New Jersey, delivered to the defendant two carloads of freight, consisting of oak lumber, and agreed to pay the freight thereon. One of these carloads the defendant agreed to transport from Sutton, W. Va., to Darlington, R. I., and the other the defendant agreed to transport from Sutton, W. Va., to Coney Island, within the city of New York, and to there deliver them to the Colonial Lumber and Timber Company.

It is further alleged that defendant failed to deliver the said two carloads of lumber or any part thereof, and that the same were wholly lost. An assignment of the claim arising out of this failure to deliver the carloads is then alleged to have been made by the Colonial Lumber and Timber Company to the plaintiff. Due demand for the payment of the claim by the plaintiff's assignor is alleged and damages are sought in the sum of $2,500.

Section 225 of the General Corporation Law of this State, so far as pertinent, provides as follows: " An action against a foreign corporation may be maintained by another corporation, or by a non-resident, in one of the following cases only * * * (3), where the cause of action arose within the State * * * (4), where a foreign corporation is doing business within this State."

It is conceded that the defendant does business within this State, but the statement is made in the moving affidavit, without any facts to substantiate it, that the contract sued upon has no relation to the business transacted by the defendant in this State.

The cause of action alleged in the complaint, in part, seems to have arisen within the State, as the defendant was required to deliver a portion of the shipment to a point in the city of New York and failed to do so. Whether the loss occurred in West Virginia or at some point *en route* or after the shipment had arrived in New York does not appear, and it is unnecessary for the plaintiff either to allege or to prove where the actual loss took place. Plaintiff, or his assignor, had a right to expect that one of the carloads would be delivered in New York city and need plead and prove nothing further than the failure of delivery.

The case hinges then upon the question whether the maintenance of this action here constitutes an unreasonable interference with interstate commerce. The moving affidavit made by the assistant secretary of the defendant railroad company states that there is no freight claim department of the company in New York State and that the main office of the freight claim department is at Baltimore, Md., where all of its records are kept, some of which in relation to the case would have to be introduced in evidence at the trial. For that purpose witnesses would have to be called, most of whom reside outside of the State of New York and that the same is true of other witnesses for the defendant who would be called to testify as to the performance of the contract sued upon. These witnesses, it is said, are employed in interstate commerce and that in all probability they will be so employed at the time of trial of this action. The fact that this plaintiff may be a resident of the State of New York does not help him any, for he is merely an assignee, the assignor being a resident of the State of New Jersey. Whether or not he is a resident of this State does not clearly appear from the affidavits. No facts are given either way. There is merely a statement upon information and belief in the moving affidavit that the plaintiff is a resident of the State of New Jersey. The answering affidavit made by the plaintiff's attorney states that he is informed and verily believes that at the time of the commencement of the action the plaintiff was and still is a resident of

the city of New York. Plaintiff, however, has no greater right to maintain this action than would his non-resident assignor. (*Miele* v. *Chicago, Milwaukee, St. Paul & Pac. R. R. Co.*, 151 Misc. 137.) The case at bar, however, differs from the *Miele* case and from any of the decided cases which have come to the attention of the court, including *Davis* v. *Farmers Cooperative Equity Co.* (262 U. S. 312); *Michigan Central R. R. Co.* v. *Mix* (278 id. 492); *Pantswowe Zaklady Graviozne* v. *Automobile Ins. Co.* (36 F. [2d] 504), and *N. V. Brood En Beschuitfabriek, etc.*, v. *Aluminum Co.* (231 App. Div. 693), in that the contract of shipment was in part to be performed within the State of New York. This distinction is deemed essential and sufficient to require the defendant to submit to the jurisdiction of this court. It is true that it might be more convenient for the defendant railroad company to try this cause in some other jurisdiction, but convenience alone is not a determining factor. The court should not refuse to entertain the cause if no undue, no unreasonable interference with interstate commerce is shown. A railroad company, engaged in interstate commerce, doing business in and undertaking to deliver a shipment at a point within the State of New York may reasonably expect to be sued in the State of New York if it fails to make delivery there, and should be prepared to defend a claim for damages arising out of such non-delivery in the courts of the place of delivery.

It does not directly appear from the pleadings or affidavits that the delivery in New York was to be made by a connecting carrier and not by the defendant itself. It is, therefore, not necessary to determine whether the result would be the same if the shipment was to be transported to New York, not by the defendant, but by a connecting carrier.

In this case it is necessary to hold merely that a foreign corporation or its assignee may sue a foreign interstate carrier, doing business within the State of New York, for failure to deliver in New York a shipment from the State of West Virginia. Although the shipment consisted of two carloads, one of which was to be delivered in Rhode Island, so far as the complaint and the affidavits disclose, there was a single contract relating to both shipments and plaintiff predicates but one cause of action on the failure to deliver both of these shipments.

In *State of Missouri ex rel. St. Louis, Brownsville & Mexico Railway Co.* v. *Taylor* (266 U. S. 200), one of the grounds upon which it was held proper for the Missouri court to retain jurisdiction was that " the shipment out of which the cause of action arose was of goods deliverable in Missouri." Where the damage actually occurred was apparently not a determining factor in the view of

the court, for there was no evidence in that case with regard to this matter. The court said, " for aught that appears, the negligence complained of occurred within Missouri." There, as in the case at bar, no evidence was offered as to the actual place where the loss occurred. That case further resembles the case at bar in that the action was brought upon three shipments and only one was deliverable in Missouri. The court thought it important to state in a footnote: " This is true [that the goods were deliverable in Missouri] only of one of the three shipments on account of which the action was brought. But if the inferior court had jurisdiction as to any one, it was obviously proper to deny the writ of prohibition."

In *Michigan Central R. R. Co.* v. *Mix (supra)* the court laid stress upon these facts (p. 495) as follows: " In *Missouri ex rel. St. Louis, Brownsville & Mexico Ry. Co.* v. *Taylor*, 266 U. S. 200, it appeared that the shipment out of which the cause of action arose was of goods deliverable in Missouri; and also that the negligent acts complained of may have occurred within the State."

In *Matter of Baltimore Mail S. S. Co.* v. *Fawcett* (269 N. Y. 379), recently decided by the Court of Appeals, the court said (p. 387), " Thus, in *Missouri ex rel. St. Louis, B. & M. Ry. Co.* v. *Taylor* (266 U. S. 200) the exercise of jurisdiction by the courts of Missouri was sustained where the cause of action was for damages to freight shipped from Texas to Missouri to a consignee resident there, and the negligence of the connecting carrier may have occurred in that State."

In that case, after referring to the cases in which the question of unreasonable interference with interstate commerce was passed upon and decided, it was said (p. 386): " In none of these cases did the court base its decision upon any single factor." In this state of the law where a variance in the facts may uphold or deny jurisdiction to a State court, all that can be done is to base a decision upon that decided case which more closely approximates the facts of the case in hand. Here a part of the shipment was deliverable in the State of New York. The breach of the contract of carriage took place in this State. At least this may be assumed in the absence of facts showing the contrary. Plaintiff was not in a position to know where the shipment was lost. All he could say, it may be assumed, is that the defendant failed to deliver in accordance with the contract. Defendant might have told where the loss took place, but has kept silent. In the moving affidavit this statement is made: " Deponent is advised by agents of the said defendant company that the shipment involved at no time came within the State of New York." This statement, however, is

pure hearsay and throws no light as to where the loss occurred. Also, the defendant might have given information as to whether its own line or the line of a connecting carrier was to carry the shipment into New York State.

The decided cases do not go so far as to hold that any interference with interstate commerce is sufficient to refuse jurisdiction to a State court. The test is whether the burden imposed upon interstate commerce is unreasonable. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett, supra.*)

In my opinion, the case of *State of Missouri ex rel. St. Louis, Brownsville & Mexico Ry. Co.* v. *Taylor* (*supra*) upholds the jurisdiction of the court in this case. The motion to dismiss the complaint for lack of jurisdiction is, therefore, denied. Defendant may serve an answer to the amended complaint within six days after service upon its attorney of a copy of the order entered herein with notice of entry thereof.

Order signed.