**MOSS v. ATLANTIC COAST LINE R. CO.**
No. 51, Docket 20310.

Circuit Court of Appeals, Second Circuit.
Nov. 12, 1946.

Albert Blumenstiel, of New York City
(Richard Steel, of New York City, of coun-
sel), for appellant.

Stewart & Shearer, of New York City
(James J. Mennis, of New York City, of
counsel), for appellee.

Before AUGUSTUS N. HAND,
CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appeal is by the plaintiff from a
judgment of the District Court for the
Southern District of New York. The com-
plaint was dismissed on motion before trial
on the grounds both of improper venue and
undue burden upon interstate commerce.
The plaintiff is a resident of Pennsylvania
and the defendant is a corporation organ-
ized under the laws of Virginia which
maintains its principal place of business in
North Carolina. It is an interstate carrier
by railroad with no tracks of its own north
of Richmond and Norfolk, Virginia but
whose so-called through trains run from

points in Florida to New York City, being operated north of its lines on the tracks, and by the crews, of other railroads.

The plaintiff was injured in North Carolina while riding as a passenger on one of such through trains. She first brought a suit in the state court in Virginia but not until after the applicable statute of limitations in that state had run and the complaint was dismissed for that reason. She then sued the defendant in the District Court for the Southern District of New York where the corporation had, and now has, executive offices, passenger offices and freight offices. In these offices, which are in charge of a vice president and secretary, a general passenger agent, and a general freight agent respectively, it then did and still does the business usually done by a railroad at such offices and through such officers. It has not filed a consent to be sued which the New York General Corporation law requires to be filed by foreign corporations doing business in that state. That suit was dismissed on motion attacking the venue, but not the service, and the judgment was affirmed by this court. Moss v. Atlantic Coast Line R. Co., 2 Cir., 149 F.2d 701.

The plaintiff then brought this suit in the New York Supreme Court for New York County. No question as to the sufficiency of the service of process has been raised. The defendant, however, caused the suit to be removed to the District Court for the Southern District of New York and there moved to dismiss (1) for improper venue, arguing that this was res judicata because of our former decision; and (2) because the retention of jurisdiction would place an undue burden upon interstate commerce in violation of the commerce clause in the Constitution. The motion was granted on both grounds and the complaint was dismissed. The plaintiff appealed.

■ In dismissing the suit for improper venue and holding that our former decision was res judicata in this suit the trial judge failed to notice the distinction between what, in the absence of waiver by a defendant, fixes the proper venue for an original action in the District Court and that which controls the venue of a removed action. As pointed out in Greenberg v. Giannini et al., 2 Cir., 140 F.2d 550, 553, 152 A.L.R. 966, the venue provisions of 28 U.S.C.A. § 112 which apply to an original action play no part in determining the proper venue of a suit removed to the district court. On the contrary the venue of a removed action is governed by 28 U.S.C.A. § 72. The removal must be "into the district court to be held in the district where such suit is pending." No choice is possible and for that reason nothing in respect to venue can be waived by the defendant in a removed action. This defendant is not precluded from having the suit dismissed because its motion to remove was in any sense the waiver of a right, for it has waived nothing by taking that action. The reason it cannot prevail in its present attempt to dismiss the suit for improper venue is simply because the venue is proper by virtue of the provisions of 28 U.S.C.A. § 72. General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Seaboard Rice Milling Co. v. Chicago, etc., Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633.

We do not read Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 to the contrary. The allusion in the majority opinion to venue was by way of pointing out that the question had not been raised in the District Court and that "it is not clear that the objection has been preserved here." See also footnote 8. The decision turned not on considerations of venue but on the right to add, by amending the complaint after removal, a cause of action not within the jurisdiction of the state court in which the suit had been originally brought.

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, did not, of course, change the statutory provisions relating to venue, and Rule 82 expressly provides that, "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

■ Nor is our former decision res judicata on this point. On that appeal,

where the sole issue was the proper venue of an original action brought in the District Court, a different issue was decided. Young v. Higbee Co., 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890; Missouri-Kansas Pipe Line Co. v. United States, 312 U.S. 502, 665, 61 S.Ct. 666, 85 L.Ed. 975.

At first blush it would, perhaps, seem that this situation of a passenger resident in Pennsylvania who was injured in North Carolina and sued the defendant in New York was within the scope of the decision in Davis v. Farmers Co-operative Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996. But that is not quite so because that case dealt with the statutory burden of making any foreign corporation having an agent in the state for the solicitation of freight or passenger traffic or either thereof over its lines outside of the state subject to service of summons upon such agent. It has been limited to the facts there disclosed. International Milling Co. v. Columbia Co., 292 U.S. 511, 517, 54 S.Ct. 797, 78 L.Ed. 1396. In this instance the interstate business of the defendant railroad was not burdened by any curtailment of an immunity from the service of process upon it in New York. It was so conducting business in New York by means of such agents there resident that valid service could be, and was, made upon it in that state. Undoubtedly the state court had general jurisdiction of the subject matter of the suit and of the defendant though it might have declined to exercise it at the behest of a non-resident. Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N.Y. 152, 139 N.E. 223, 32 A.L.R. 1. It was not, however, called upon to use its discretion in that regard and we are unable to divine now what its decision would have been had that been done. See, Murnan v. Wabash R. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522. The question here presented accordingly boils down to this. Is the maintenance of a removed suit which, by hypothesis, was one that the defendant, but for the removal, would have had to defend in the state court an undue burden upon interstate commerce? The suit is no doubt some burden upon interstate commerce but that is not the decisive point for it is only undue burden which counts. Ca-

nadian Pacific Railway Co. v. Sullivan et al., 1 Cir., 126 F.2d 433. But it is no added burden upon commerce to enforce a state cause of action in a federal court. State of Missouri ex rel. St. Louis B. & M. Ry. Co. v. Taylor, 266 U.S. 200, 207, 45 S.Ct. 47, 69 L.Ed. 247, 42 A.L.R. 1232. As the defendant is doing business in the Southern District of New York in a way to make it amenable to process in the New York courts and acts there in concert with other carriers to run what are called through trains between New York City and Florida and intermediate points, a suit triable in New York based upon the negligent operation of one or more of those trains does not, we think, unduly burden interstate commerce. See, International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396.

Apparently the appellee agrees that the rule of forum non conviens is inapplicable.

Judgment reversed and cause remanded.