ELIZABETH M. BROOKHOUSE, Plaintiff, *v.* CUNARD WHITE STAR LIMITED et al., Defendants.

City Court of the City of New York, Special Term, New York County, March 29, 1948.

*Lord, Day & Lord* for Cunard White Star Limited, defendant.

*Kirlin, Campbell, Hickox & Keating* for Furness Withy & Company, Ltd., defendant.

*Neil P. Cullom* for plaintiff.

SCHIMMEL, J. The defendants have moved, each separately, under rule 106 of the Rules of Civil Practice to dismiss the action upon the ground that it constitutes an unreasonable burden on foreign commerce. The case involves a claim for damages arising out of a shipment of goods from Halifax, Nova Scotia, to Avonmouth, England, with which both defendants were concerned. The contracts of carriage or transportation did not originate within this State and the merchandise did not come within the jurisdiction. The plaintiff, a resident of New York, is the assignee of the original owners of the claims; the latter are foreign corporations. The defendants also are foreign corporations, which do business within the State of New York. That business, in the case of both corporations, primarily relates to foreign commerce. Vessels of the defendants are to be found frequently in the port of New York.

However, as the contracts upon which the action is based were neither made nor to be performed in New York, and as the shipment which gave rise to this cause of action was not intended to and did not touch New York, there seems to have been no adequate reason for bringing the action here. The plaintiff, a resident assignee of the nonresident original owners of the claim, does not enjoy a more favorable position than an original claimant who moves into a particular jurisdiction for the purpose of starting an action. (*Denver & Rio Grande Western R. R. Co.* v. *Terte,* 284 U. S. 284; *Miele* v. *Chicago, Milwaukee, St. Paul & Pacific R. R. Co.,* 151 Misc. 137.)

Each of these motions is granted and the complaint against each of the defendants is dismissed on the ground that maintenance of the action in this jurisdiction constitutes an undue burden on foreign commerce.

Judgment may be entered accordingly.