Mulcahy, J.
The motion under rule 107 of the Rules of Civil Practice is granted and the complaint is dismissed. Judgment of dismissal may be entered accordingly. The court declines jurisdiction of this action involving loss of cargo or baggage delivered to the defendant in Amsterdam, Holland, for transportation to a port in the Republic of Indonesia. Although the plaintiff is a New York corporation it is merely the subrogee. The party originally injured, plaintiff’s insured, is not a New York corporation but an Ohio corporation. This is stated in the briefs of both parties and is therefore to be taken as an admitted fact. As subrogee the plaintiff is in no better position than its insured would have been if the latter had undertaken to sue here. There is no reason why this court should be asked to concern itself with this action, involving the loss of baggage which occurred somewhere between Holland and the Far Bast. I am also of the opinion that to permit the maintenance of this action here would constitute an undue burden upon foreign commerce. (See, generally, Schlesinger v. Italian Line, 278 App. Div. 127, affd. 303 N. Y. 994; Senter Bros. v. Southern Pacific Co., 53 N. Y. S. 2d 747; Brookhouse v. Cunard White Star, 193 Misc. 38; Hanover Fire Ins. Co. v. Pennsylvania R. R. Co., 45 N. Y. S. 2d 33; Miele v. Chicago, Milwaukee, St. Paul & Pacific R. R. Co., 151 Misc. 137, and United States Merchants’ & Shippers’ Ins. Co. v. A S Den Norske Afrika Og Australie Line, 65 F. 2d 392.)