John A. Byrnes, J.
The transaction in suit was entered into between two foreign corporations and was in no way related to this jurisdiction. Although it is true that the doctrine of forum non conveniens would probably not be applicable (cf. Wagner v. Braunsberg, 5 A D 2d 564), nevertheless I consider that there is here a burden upon foreign commerce. It is to be noted that in the Wagner case the contract upon which the action was based went so far as to purport to confer jurisdiction upon the courts of New York. A shipment from Hong Kong to Venezuela and *623 a loss which apparently occurred in Venezuela should not be made the subject matter of a suit in New York by the device of an assignment of the alleged cause of action by a nonresident to a resident assignee. I therefore hold that the action should be dismissed because it is a burden upon foreign commerce (cf. Schlesinger v. Italian Line, 278 App. Div. 127, affd. 303 N. Y. 994; Atlantic Mut. Ins. Co. v. N. V. Stoomvaart Maatschappij “ Nederland ”, 2 Misc 2d 26 and cases therein cited, including United States Merchants’ & Shippers’ Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 65 Fed. 2d 392).
The case is not distinguishable by the alleged circumstance that the assignee is an officer, director and stockholder of the assignor, as is the plaintiff’s son. If the plaintiff has anything to do with the assignor corporation, he chose to make it or permit it to remain a Venezuelan corporation instead of making it subject to this jurisdiction for tax purposes and any other appropriate purposes. It seems to me, therefore, that the plaintiff’s alleged connection with the assignor corportion is not relevant. Indeed, there is even no showing that the said assignor corporation has obtained a license to do business in the. State of New York or has authorized service upon it here. That there is no officer, director, stockholder or employee present in Venezuela, as the plaintiff asserts, makes it all the more difficult to see why the said assignor chose to be a Venezuelan corporation. This is not a matter of discrimination against the said corporation or its assignee, nor is any punitive policy involved. There is, however, no reason why the defendant, a foreign corporation, should be burdened with the defense in New York of an action based upon transactions which occurred at a remote distance from New York as part of a foreign commerce transaction having no connection with New York and to which no New York person or corporation was a party.
Judgment may be entered accordingly dismissing the action because it constitutes an undue burden upon foreign commerce. Execution of judgment for costs is stayed for 10 days after service upon the attorneys for the plaintiff of notice of entry of judgment.