No. 12,702.

STATE EX REL. ATKINS & WIDEMAN, IN LIQUIDATION, VS. ALLEN BARKSDALE, JUDGE, ET ALS.

This court on application for a writ of *certiorari* does not try the merits, but confines itself to inquiring whether or not the inferior tribunal kept within its jurisdiction and proceeded regularly.

In the order the respondent court returns the exceptions and the answers were filed in the justice of the peace court; the respondent court properly held that the relator had waived jurisdiction *ratione personæ* in the magistrate's court

Matters not regularly appearing of record were not before the court, and could not therefore traverse the return made.

ON Application for Writs of *Certiorari* and Prohibition.

*J. C. Theus* for Relators.

Respondent Judge *pro se.*

*B. A. Rennolds* for the Other Respondents.

Submitted on briefs January 3, 1898.
Opinion handed down January 10, 1898.

ON APPLICATION FOR WRITS OF CERTIORARI AND PROHIBITION.

The opinion of the court was delivered by

BREAUX, J. This was an application under the supervisory jurisdiction of this court to have a judgment declared null; it was rendered by the respondent judge of the District Court for Claiborne parish, and it affirmed a judgment of the justice court of ward six, parish of Claiborne.

The complaint was that the relator firm, was a resident of the parish of Bienville, and not a resident of the parish of Claiborne, in which the magistrate rendered the judgment relator seeks to assail.

The facts are that the relator interposed several exceptions as defendant before the magistrate's court.

They were referred to be tried with the merits. There was no objection urged to the reference as made. An answer was filed by the defendant firm. The case was heard upon the merits and was decided against the defendant firm, who is the relator here. The defendant firm took an appeal to the District Court. There the case was tried upon the merits and a judgment affirming the judgment of the justice court was rendered as before stated.

The respondent judge represents, in his return, that he was vested with jurisdiction, and that he correctly passed upon the questions presented on relator's appeal to his court; that he was convinced that the justice of the peace had jurisdiction *ratione personæ*, and that if he had no jurisdiction originally, that relator had waived the want of jurisdiction *ratione personæ*.

Before the court of the respondent judge it, as relates to a waiver of jurisdiction, was made to appear that the relator, defendant in suit below, first filed exceptions to plaintiff's action, and that subsequently he (relator) filed a plea to the court's jurisdiction *ration personæ*.

If we were to assume that the magistrate's court originally had no jurisdiction, the defence on the exception was entirely personal. The question, arising in matter of waiver, was one exclusively of fact, and was one over which the respondent had jurisdiction. The defendant (relator here) could stand in judgment, and the court's decision and the court's return shows that it did appear that it had waived the exception it now invokes and stood in judgment—*i. e.*, prior to its plea of want of jurisdiction *ratione personæ* an exception had been separately filed in effect waiving jurisdiction. If there was error it was one of judgment of respondent regarding the facts. In our view the decision can not be controlled under the supervisory power of this court. Our examination must be confined to the validity of the proceedings, and it can not consistently with prior decisions of this court be extended to a review of the facts on the merits of a question.

The respondent judge has decided that the exception waiving the

plea of jurisdiction was filed prior to the exception to the juris-
diction.

In that case there was a waiver.   Stevenson vs. Whitney, Tax
Collector, 33 An. 655; Phipps vs. Snodgrass, 31 An. 88; Marqueze &
Co. vs. LeBlanc, 29 An. 194.

The judge had the legal power to decide the question of priority
in filing pleas and he has decided it without disregarding or over-
looking the forms pointed out by law.   The record before us shows
no incorrectness in the proceedings.

It has been repeatedly held by this court that the writ of *certiorari*
is limited• to cases in which the proceedings are null.   It is also well
settled that one who gave sanction to proceedings can not have
them avoided through the writ of *certiorari*.

The relator sought, by offering here for the first time, an affidavit
of the justice of the peace of facts and proceedings (of date subse-
quent to the judgment complained of), to contradict the return of the
respondent.   The affidavit was not a part of the respondent's return,
and was made *ex parte* by the magistrate, who is not at all a party to
these proceedings.   For these reasons, it was not considered by us
as forming part of these proceedings.

A legal discretion exercised in a matter within the court's jurisdic-
tion offers no ground for *certiorari* or prohibition.   City of Baton
Rouge vs. Crimonini, 35 An. 366.

Moreover, it does not appear affirmatively that the respondent com-
mitted an error.   The burden of proof was with relator.   The pre-
sumption *omnia rite acta* applies.   Stevenson vs. Whitney, Tax
Collector, 33 An. 658.

The facts are not before the court showing that the documents
were filed differently from what is stated by the District Judge.

It is therefore ordered and adjudged that the rule *nisi* be dis-
charged, and the application for writs of *certiorari* and prohibition
refused.