**ATKINS v. BENDER, Collector of Internal Revenue.**

(District Court, W. D. Louisiana, Shreveport Division. March 17, 1927.)

No. 1618.

1. **District and prosecuting attorneys ⬤⇒9— Statute requiring district attorneys to defend suits against internal revenue officers does not prevent them from waiving objections to citation or venue (Comp. St. § 1296).**

Rev. St. § 771 (Comp. St. § 1296), making it district attorney's duty to defend suits against collectors or other revenue officers, does not limit power of district attorney, or direct how duty shall be performed, and does not prevent him waiving objections to citation, or to jurisdiction of particular District Court, which is an objection to venue, and not to jurisdiction.

2. **Internal revenue ⬤⇒38(4)—Action for income taxes illegally collected is in personam against collector.**

Action against internal revenue collector to recover income taxes illegally collected is a personal one against the collector, and the United States is not bound thereby, though if the court, in rendering the judgment against the collector, gives certificate of probable cause, government might pay judgment itself.

3. **Venue ⬤⇒17—Internal revenue collector, by appearing generally may waive privilege of requiring suit for illegally collected income taxes to be brought at his domicile.**

If timely urged, internal revenue collector has right to require suit against him to recover income taxes illegally collected to be brought at his domicile; but privilege may be waived by general appearance for purpose of obtaining an extension of time within which to plead in the same way as any other defendants sued in a personal action.

4. **Venue ⬤⇒17—That extension obtained by internal revenue collector was unnecessary, because time to plead had not expired, held immaterial, as respects waiver of objection to venue.**

That collector of internal revenue appeared and obtained an extension, in action against him to recover income taxes illegally collected, before expiration of the 60 days to plead allowed by law, and that it was therefore not necessary to obtain extension, *held* immaterial as respects effect of his appearance as waiver of objection to venue.

At Law. Action by Mrs. Alma Foster Atkins against J. O. Bender, Collector of Internal Revenue. On defendant's exception to citation, and want of jurisdiction. Exceptions overruled.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for plaintiff.

Philip H. Mecom, of Shreveport, La., for defendant.

DAWKINS, District Judge. This is a suit against the collector of internal revenue for Louisiana, to recover the sum of $104,306.59, alleged to have been illegally collected as income taxes. The petition was filed September 29, 1926, and on October 15th of the same year the minutes of the court show an "order entered extending the time for filing answer to November 3d on motion of United States attorney." On November 8th exceptions to the citation and want of jurisdiction ratione personæ were filed.

[1] These exceptions are now to be disposed of, and while it appears that Bender, collector, resides and is domiciled in the city of New Orleans, which is in the Eastern district of Louisiana, plaintiff contends that by appearing in open court on October 15th, and obtaining an extension of time "for filing an-

swer," defendant thereby waived the right to question the citation or the jurisdiction of this court. The district attorney, on the other hand, takes the position that, since his duty to defend such suits is imposed by statute, he had no power to waive the citation or the jurisdiction, and besides the law itself allowed a period of 60 days within which to plead, and it was not necessary to obtain an extension.

Section 771 of the Revised Statutes provides: "It shall be the duty of every district attorney to prosecute, in his district, * * * to appear in behalf of the defendants in all suits or proceedings pending in his district against collectors, or other officers of the revenue, for any act done by them or for the recovery of any money exacted by or paid to such officers, and by them paid into the treasury." Comp. St. § 1296.

[2] While the statute just quoted is the source of the district attorney's authority to prosecute or defend such cases, there is nothing therein limiting his power, or directing how it should be done. The action is a personal one against the collector, and the United States is not bound thereby, although, if the court, in rendering its judgment against the collector, should give a certificate of probable cause, the government might pay the judgment itself. Sage v. U. S., 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828.

[3] I see no reason why the citation may not be waived in a case of this kind; and the other question is more properly speaking one of venue, for undoubtedly a federal court has jurisdiction to decide such matters. If timely urged, the defendant had the right to require that the suit be brought at his domicile; but this, in my opinion, was a privilege which he might waive, the same as any other defendant sued in a personal action.

[4] I do not think the fact that the law allowed 60 days in which to plead makes any difference, as the appearance was made by the district attorney without reserving any right to urge the present exceptions. There is nothing in the law, as I see it, that would have prevented filing an answer or any other pleading immediately. It has been uniformly held that a general appearance for the purpose of obtaining an extension of time within which to plead, and especially for answering, constitutes a waiver of venue or jurisdiction in personam. Brookings State Bank v. Federal Reserve Bank (D. C.) 291 F. 659; Panama Railroad Co. v. Johnson (C. C. A.) 289 F. 981; Placek v. American Life Insurance Co. (D. C.) 288 F. 987; Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Iddle v.

Hamler, 132 La. 476, 61 So. 532; Whited & Wheless v. Calhoun, 122 La. 112, 47 So. 415; State ex rel. Atkins & Wideman v. Allen Barksdale et al., 50 La. Ann. 55, 22 So. 966; Ashbey v. Ashbey, 41 La. Ann. 141, 5 So. 546; J. M. Tupery v. T. H. Edmondson, 32 La. Ann. 1146.

My conclusion is that the defendant has waived the right to urge these exceptions, and the same are accordingly overruled.