GEORGE A. HIRLIMAN, Individually and Doing Business as G. C. H. MOTION PICTURE EQUIPMENT AGENCY, Appellant, *v.* SOUTHERN PACIFIC COMPANY, Respondent.

First Department, June 16, 1944.

*Norman Winer* of counsel (*Nathan, Mannheimer, Asche & Winer,* attorneys), for appellant.

*Jeremiah C. Waterman* of counsel (*Buland, Minor & Waterman,* attorneys), for respondent appearing specially.

TOWNLEY, J. Defendant is a foreign corporation doing business in New York and engaged in interstate commerce. Plaintiff, a resident of New York State, brought this action to recover

damages resulting from the alleged negligence of the defendant in the performance of a contract of carriage of goods. The goods were shipped at Hollywood, California, and delivered in a damaged condition at Quantico, Virginia.

Defendant has moved to dismiss the complaint on the ground that the trial of this suit in this forum is an unreasonable burden on interstate commerce.

The basis of the motion is the decision of the Supreme Court of the United States in *Davis* v. *Farmers Co-operative Co.* (262 U. S. 312). In that case both plaintiff and defendant were residents of Kansas and the cause of action arose there. The suit was brought in Minnesota where neither resided or did business. This was held to impose an unreasonable burden on interstate commerce.

The factual situation there differs so completely from that in the present case as to make that decision inapplicable here. Not only is the plaintiff a resident of this State but a very important part of the defendant's business is carried on in this jurisdiction. Its New York office, designated as a general office, is second in importance only to the main office in San Francisco. A vice-president, comptroller, treasurer, assistant secretary, assistant general counsel, freight and traffic manager, general eastern freight agent and passenger traffic agent are located here. Its transfer and income tax bureaus are here. It solicits business and enters into actual contracts, issuing bills of lading and accepting payments. It has a ticket office and separate offices for passenger and freight traffic. It maintains bank accounts. Its stock registers are here. It has a total of between 150 and 200 employees in its New York offices.

While the defense of every suit imposes a burden on the defendant, the constitutional prohibition is not directed against all burdens but only against those which are unreasonable. We do not consider it unreasonable to compel a defendant engaged in business in this State to the extent indicated here to respond to a suit by a resident.

In *Int. Milling Co.* v. *Columbia Co.* (292 U. S. 511) jurisdiction was upheld when a nonresident water carrier which on occasions passed into Minnesota waters and once in several years came into a Minnesota port was sued by a resident of Minnesota for damages to a shipment occurring outside the State.

In *Canadian Pac. Ry. Co.* v. *Sullivan* (126 F. 2d 433, cert. den. 316 U. S. 696) jurisdiction was sustained on behalf of a resident plaintiff against a nonresident carrier who operated no

lines, but conducted an office in the State where freight was solicited and where complaints were investigated and claims settled. While mere solicitation of business is not sufficient (*Green* v. *Chicago, Burlington & Quincy Ry.*, 205 U. S. 530) the added element of investigating and settling claims was held sufficient. Obviously, this added activity is not in any sense comparable with the broad general activities of this defendant.

In answer to the contention that maintenance of lines within the State was necessary, the court in its opinion in the *Canadian Pac. Ry. Co.* case (*supra*) at page 439 said: "It might be suggested that this latter case [*Int. Milling Co.* v. *Columbia Co.*] may be distinguished from the case at bar on the ground that the defendant therein, in the course of its business, sometimes navigated its vessels in waters within the jurisdiction of the State of Minnesota and occasionally entered Minnesota ports, while in the instant case the defendant had no line and operated no trains in Massachusetts. But, in view of the apparent assumption in both cases that the *Davis* case [262 U. S. 312] goes to the verge of the law, and in view of the stress laid upon the residence of the plaintiff in the State of the forum in both the *Davis* and the *International Milling Co.* cases, we believe that this distinction is immaterial under the facts here presented."

While many cases may be referred to where jurisdiction has been refused, our attention has not been called to any where it has been denied to a resident plaintiff against a defendant who was doing business to the extent to which this defendant is engaged in this State.

The judgment and order should be reversed, with costs, and the motion denied, with leave to the defendant to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied, with leave to the defendant to answer within ten days after service of order on payment of said costs.