ARTHUR KALFUS et al., Copartners Doing Business under the Name of I. KALFUS Co., Appellants, *v.* HENRY W. ANDERSON et al., as Receivers of Seaboard Air Line Railway, Respondents.

Supreme Court, Appellate Term, First Department, November 30, 1945.

*David I. Michaelson* for appellants.

*William E. Bennett, Jr.,* for respondents.

McLAUGHLIN, J.  Plaintiffs sued to recover damages allegedly sustained as a result of the defendants' breach of contract

covering the delivery of certain merchandise. The defendants are receivers of the Seaboard Air Line Railway, a common carrier. Between July 7, 1943, and August 11, 1943, the defendant carrier was engaged by the plaintiffs' agents at Miami, Florida, to deliver merchandise in Alabama and Georgia. While the affidavit in opposition to the motion does not specifically so state, it would appear that at the time of the transaction the plaintiffs were residents of the State of New York. The making of the contract and the performance or breach, if there was one, occurred entirely outside of this jurisdiction. The defendants do not have any lines extending into this State, and their moving papers assert that they do not have any business office in New York except for the solicitation of business on its out-of-State lines. The affidavit in opposition to the motion alleges that defendants maintain offices in the city of New York at 233 Broadway, 12 West 53d Street and 120 Wall Street. This information it appears was obtained from the telephone directory. The defendants allege that each of these offices is maintained for no other purpose except that of soliciting business for its lines outside the State.

On the application in the lower court the defendants took the position that in order to defend this action they would be compelled to bring their employees and witnesses from Florida, Alabama and Georgia for the purpose of testifying, and also to bring their books and records with respect to these shipments into this State. This it was argued would constitute an undue burden on interstate commerce, and upon that ground the lower court granted the defendants' motion to dismiss the complaint.

This appeal presents the question as to whether on the facts shown it was proper for the lower court to thus dismiss the complaint. It is clear that the entire transaction took place outside this State. The contract was made at Miami and the merchandise was to be delivered in Alabama and Georgia. The breach, if any, occurred outside this State as also the alleged cause of action based thereon. Defendants' lines are entirely without the State and the only offices maintained here are for the solicitation of business outside the State. Under these circumstances it would appear that to compel the defendant to appear and defend an action in this State would constitute an undue burden on interstate commerce. (*Davis* v. *Farmers Co-operative Co.,* 262 U. S. 312; *Denver & R. G. W. R. Co.* v. *Terte,* 284 U. S. 284.)

Appellants rely upon the case of *Hirliman* v. *Southern Pacific Co.* (268 App. Div. 192) and urge that that case is applicable to

the facts of the present case. In the *Hirliman* case (*supra*) it appeared that the defendants maintained a general office in New York which was second in importance only to its main office in San Francisco. A vice-president, comptroller, treasurer, assistant secretary, assistant general counsel, freight and traffic manager, general eastern trade agent and passenger traffic agent, were all located in New York. In addition its transfer and income tax bureaus were here. It solicited business and entered into actual contracts, issued bills of lading and accepted payments. It had a ticket office and separate offices for freight and passenger traffic, it maintained bank accounts here, and also kept its stock registers here. It had a total of between 150 and 200 employees in its New York offices. In holding that the facts were sufficient to subject defendant to suit in this jurisdiction the Appellate Division in this department (TOWN-LEY, J.) stated (p. 193): "We do not consider it unreasonable to compel a defendant engaged in business in this State to the extent indicated here to respond to a suit by a resident."

Proof of facts such as existed in the *Hirliman* case (*supra*) is lacking in the case before us. It cannot be said here that the defendants are engaged in business in this State to such a great extent that they should be subjected to suit here. It would therefore follow that the lower court was justified on the facts in holding that the present action would constitute an undue burden upon interstate commerce.

Appellants contend however that even if the action did constitute an undue burden on interstate commerce the defendants nevertheless by proceeding with the defense of this action waived any jurisdictional defects. It appears that the summons in this action was served on December 7, 1944, and that the defendants after being furnished with certain information concerning the plaintiffs' alleged cause of action, appeared in the action sometime in January, 1945. Subsequent thereto the defendants demanded a bill of particulars as to the complaint which was furnished. It was not until February 28, 1945, that the motion to dismiss on the ground that the action constituted an undue burden on interstate commerce was made. These facts, the appellants argue, constituted a waiver by the defendants of any objection to the jurisdiction of the court. Under sections 278 and 279 of the Civil Practice Act it seems quite clear that an objection on the ground that the court does not have jurisdiction of the subject matter of the action is never waived by failure to raise it before trial. Here the defendants raised the question by motion after they had appeared in the action.

The argument is made that this being an action to recover for damages for breach of contract the lower court had jurisdiction and that the defense that the action would constitute an undue burden on interstate commerce was one of personal privilege to the defendants and therefore could be waived. This court either did or did not have jurisdiction of the subject matter of the action. If the action constituted an undue burden on interstate commerce then this court did not have jurisdiction of the subject matter of the action. That being the case it is immaterial whether the defendants appeared generally in the action. (*Shea* v. *Export Steamship Corp.*, 253 N. Y. 17; *Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315).

The motion to dismiss the complaint was properly granted and the judgment and order should be affirmed, with $10 costs.

EDER, J. (dissenting). The complaint and bill of particulars allege that the plaintiffs sue to recover damages for breach of contract. The contract in suit was entered into in the State of Florida for the transportation and delivery of merchandise by the Seaboard Air Line Railway to plaintiffs' consignees in the States of Alabama and Georgia. The breach occurred and the cause of action arose in one of the said States.

The Seaboard Air Line Railway is a public carrier engaged in interstate commerce; the defendants are sued as receivers of the railway appointed by a Federal court.

It is averred by the defendants that said carrier does not operate tracks which extend into the State of New York; that it is not doing business in this State and that its only offices here are maintained by it for the sole and limited purpose of soliciting freight and passenger business on its out-of-State lines, that is, the solicitation of business from points outside New York to other points outside New York.

The defendants voluntarily submitted to the jurisdiction of the court below, serving and filing a general appearance in the action and answering on the merits, pleading a general denial and in addition thereto three separate defenses going to the merits; defendants also served a demand for a bill of particulars of the cause of action and such a bill was furnished to them; the plaintiffs, in turn, made demand upon defendants for a bill of particulars of the separate defenses and they thereupon supplied the plaintiffs with a bill of particulars thereof.

The summons was served on December 7, 1944, and defendants entered a general appearance in the action on December 12, 1944; they did not serve and file an answer to the complaint

until January 26, 1945, forty-five days after the time prescribed by the statute (N. Y. City Mun. Ct. Code, § 19; L. 1915, ch. 279); prior thereto they had sought and procured extensions of time to plead; during this interval they appear to have been engaged in investigating the plaintiffs' claim. In addition to all the foregoing the defendants made various motions in the action and also opposed divers motions made by the plaintiffs.

It seems to me to be abundantly evident from this resume that the defendants indicated, affirmatively, every intention to litigate on the merits in the court below.

Nonetheless, the defendants moved to dismiss the action on the sole ground that the prosecution thereof would impose an undue burden on interstate commerce. In doing so the defendants invoked the doctrine announced in *Davis* v. *Farmers Co-operative Co.* (262 U. S. 312, 317) wherein the court declared that the orderly, effective administration of justice does not require that a foreign carrier shall submit to a suit in a State in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad and in which the plaintiff does not reside. It held that upon such facts being shown, to compel the foreign carrier to defend in such jurisdiction violates the commerce clause of the National Constitution (art. I, § 8) in that it imposes an unreasonable burden on interstate commerce.

In consonance with this ruling, where such facts have been made to appear and timely objection has been interposed the courts have sustained it.

The defendants, adhering to the views set forth in the *Davis* case (*supra*), alleged that the contract in the case at bar was not entered into in the State of New York; that the transaction out of which it arose took place outside this State; that the breach occurred and that the cause of action arose in another State, viz., in one of the three States mentioned; that the railway company was engaged in interstate commerce, without lines in this State; that it was not engaged in doing business here; that all activities concerning the transit of the merchandise in interstate commerce took place thousands of miles from the court in which suit was begun; that in order to defend this action the defendants would be forced to bring their employees from Florida to testify, and to bring their books and records, insofar as they pertain to these shipments, into this State, for the purposes of this action; that to force the defendants to trial in this jurisdiction, thousands of miles from where the cause of action

arose, and from where the goods were shipped, and from the place of their delivery, would be to impose a great and unreasonable burden upon the defendants. This, the defendants asserted, constituted an undue burden on interstate commerce, for which reason the action should be dismissed. In taking this position the defendants have maintained that it is violative of section 8 of article I of the United States Constitution.

This provision neither refers to nor defines the term " undue burden on interstate commerce " but judicial fiat has given this term its genesis and has declared the provision applicable to such a situation.

Opposing the motion the plaintiffs maintained that the defendants had voluntarily submitted to the jurisdiction of the court below and that they were, by virtue of their conduct as hereinbefore set forth, estopped from seeking a dismissal of the action on the aforestated ground.

The court below granted the motion and in doing so I think it erred.

The defendants contend that their general appearance and answer on the merits only gave the court below jurisdiction over them in personam but that such acts did not give it jurisdiction of the subject matter; that the objection that the prosecution of the action is an undue burden on interstate commerce goes to the subject matter of the action and is incapable of waiver since neither general appearance nor consent can vest a court with jurisdiction it does not possess and hence such an objection may be urged at any time. In this connection the defendants rely strongly on *Matter of Baltimore Mail S.S. Co.* v. *Fawcett* (269 N. Y. 379, certiorari denied *sub nom. Madsen* v. *Baltimore Mail S.S. Co.,* 298 U. S. 675) ; that case is, however, without application; there is no similarity in the factual situation.

It seems to me that a distinction must be observed between a total lack of jurisdiction over the subject matter and a case where such jurisdiction exists but the power of the court to try the issues is withdrawn in a particular case because of the existence of particular facts which authorize the defendant to decline to litigate the issues in that form at his election. In such an instance, in the absence of objection timely made, the court may proceed to try and determine the issues, and the failure to object constitutes a waiver.

The action is one to recover damages for breach of contract and it is a cause of action of which the court below has jurisdiction (N. Y. City Mun. Ct. Code, § 6, subd. 1; L. 1915, ch. 279).

Assuming the facts to exist in a case like the one at bar, with no question of waiver involved, dismissal of the action is warranted though there is statutory jurisdiction to entertain such a cause of action, for the reason that the authority of the court to proceed further is arrested and further continuance of the suit would be futile.

Whether made by special appearance or by answer the claim that the prosecution of the action imposes an undue burden on interstate commerce must be seasonably asserted. Under the ruling in the *Baltimore* case (*supra*) once an objection to the right to proceed is timely raised and overruled a general appearance in the action thereafter made or an answer thereafter filed for the purpose of reasserting the objection is not a waiver.

A different situation is present where no such objection has ever been made by special appearance or by answer, and where, throughout, the defendant has proceeded by conduct, toward a defense on the merits; in such circumstances the rule announced in the *Baltimore* case (*supra*) has no application. It is to be noted that in the *Baltimore* case (*supra*) as well as in *Toledo Railways &c. Co.* v. *Hill* (244 U. S. 49) cited therein, there was a preliminary objection raised which, after the motion failed, was renewed in the answer.

There is nothing in the Constitution, or in any enactment of which I am aware, which prevents such a foreign carrier from electing to appear generally in the action and litigating the issues upon the merits; no case has been cited which holds that this may not be done. The right to interpose the objection and defense that the prosecution of the action imposes an undue burden on interstate commerce may be waived; it is one of personal privilege and it is a well-established rule that a privilege, like a constitutional or statutory right, may be waived by a party in the absence of a prohibition to the contrary. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314, 318.)

The defendants could, unquestionably, forego the interposition of such an objection and elect to appear generally in the action, answer on the merits and litigate the issues in the court below (*Atchison Ry. Co.* v. *Wells*, 265 U. S. 101, 103). Many cases are to be found pointing out that the failure of a party to avail himself of a constitutional or statutory right is a waiver thereof which may be shown by such failure to object, or by formal submission, by consent, or by submission through conduct (*Freeman* v. *Bee Machine Co.*, 319 U. S. 448, 453; *Levering & Garrigues Co.* v. *Morrin*, 61 F. 2d 115, affd. 289 U. S. 103; *Texas Co.* v. *Marlin*, 109 F. 2d 305, 307; *Patten* v. *Dodge Mfg. Corpora-*

*tion*, 23 F. 2d 852, 855; *Atkins* v. *Bender*, 18 F. 2d 357, 358). Without going into detail here an examination of these cases will disclose that in point of facts and in conduct of the defendants they are quite analogous to the situation at bar.

It is my opinion that the defendants by appearing generally and answering on the merits, as well as by their conduct in the action as heretofore recited, waived the right to move to dismiss the action upon the afore-mentioned ground; that it is an irrevocable waiver and that the defendants are irretrievably bound thereby.

It is finally argued by the defendants that when the general appearance and answer on the merits were interposed the defendants were not then in possession of the facts upon which the motion to dismiss was later predicated and that they should therefore be held not to have waived the right to make the application and that this court ought to hold that such a right may be availed of by the carrier within a reasonable time after it acquires knowledge of the existence of facts which would authorize such an application. No case has been cited to support such a contention.

It is no answer for the defendants to say that they would not have appeared generally and answered on the merits had they known at that time what they learned subsequent thereto but would have moved to dismiss the action. An attempt along this line was made and such an excuse was offered in *Texas Company* v. *Marlin* (109 F. 2d 305, *supra*); it was held to be untenable and was rejected (p. 307).

For the reasons stated I dissent and vote to reverse the judgment and order appealed from and to deny the motion.

HECHT, J., concurs with McLAUGHLIN, J.; EDER, J., dissents in opinion.

Judgment and order affirmed.