Glennon, J.
Plaintiff is the owner of GOO of the 262,252 shares of issued and outstanding stock of Canadian Airways, Ltd. Airways is a Canadian corporation engaged in the operation of airlines within the Dominion of Canada. It is not a party to this lawsuit. Of its 395 stockholders 380 reside in Canada while only seven at the most live in the State of New York. This action is brought by plaintiff on behalf of himself and the other stockholders of Airways similarly situated to recover an alleged debt due Airways from defendant. By the decision of Special Term the action was limited to stockholders who are residents of the State of Nerv York.
The defendant owns a majority of the stock of Airways. It, too, is a corporation organized and existing under the laws of the Dominion of Canada where it is engaged in the business of a common carrier. It also transports freight and passengers from Canada to the States of Vermont and Maine and from those States to Canada. It transports no freight or passengers in this State and it has no trackage or other rail facilities here. At times, however, in the course of commerce between this country and Canada, some of its rolling stock is brought into this State by other railways. Tis main offices are located in the city of Montreal, Province of Quebec, Dominion of Canada.
According to the complaint, Airways entered into an agreement in June, 1942, for the sale of its assets, all of which were located in Canada, to the defendant for a price of $1,160,638.72. It appears that the agreement was executed in the city of Montreal. At a meeting of the stockholders held at the main offices of Airways at Montreal on January 12, 1943, approximately nine tenths of the stock was voted in favor of the sale. *56 The plaintiff has alleged that the defendant, by virtue of its position as majority stockholder of Airways, caused the latter to sell its assets to defendant for an insufficient consideration. He claims that “ the actual, real and true value of Airways’ assets is the sum of $10,000,000 ” and in this action he seeks to recover the difference between the contract price and the alleged value as a debt due Airways. The relief sought is a judgment of $8,839,361.28; the payment of that amount by defendant for distribution among the owners and holders of Airways stock at the rate of $37.13 per share; that he be allowed $22,278.60 for his 600 shares; and last but not least, that adequate compensation be awarded to his counsel for the prosecution of the action.
We are not here concerned with the sufficiency of the complaint. Suffice it to say that for the purpose of this appeal we assume, without deciding, that a good cause of action has been pleaded.
The defendant has appeared specially in the action solely for the purpose of applying for a dismissal of the complaint on the ground that the assumption of jurisdiction will impose an undue burden upon interstate and foreign commerce in. violation of section 8 of article I of the Constitution of the United States.
We are of the view that the position taken by the defendant is well grounded and the complaint should have been dismissed.
Whether the assumption of jurisdiction in a given case would impose an unreasonable burden on interstate and foreign commerce is not dependent solely upon the residence of the plaintiff within the State. While it is a fact of high significance, it is not controlling. (Michigan Central R. R. Co. v. Mix, 278 U. S. 492, 495; Denver & R. Q. W. R. Co. v. Terte, 284 U. S. 284, 287; Matter of Baltimore Mail S. S. Co. v. Fawcett, 269 N. Y. 379.) The nature and extent of the carrier’s activities within the State and the charge it is called upon to meet are also to be considered. (Davis v. Farmers Co-operative Co., 262 U. S. 312; Int. Milling Co. v. Columbia Co., 292 U. S. 511; Hirliman v. Southern Pacific Co., 268 App. Div. 192; Canadian Pac. Ry. v. Sullivan, 126 F. 2d 433, certiorari denied 316 U. S. 696.) Of paramount importance are “ The requirements of orderly, effective administration of justice * * (Davis v. Farmers Co-operative Co., supra, p. 316.)
Therefore the fact that the plaintiff herein is a resident of this State is not sufficient to overcome the claim of undue *57 burden on the part of the defendant. Particularly is this so when the action in its nature is a class or derivative action, and the class, being the stockholders of Airways, are nearly all nonresidents and Airways is a foreign corporation, and not a party to this action. Nor can jurisdiction be aided by an untenable attempt to reconstitute the class on a geographical basis by limiting it to stockholders resident in New York. In view of the limited activities of the defendant within this State as disclosed by the record and the nature of the complaint, the assumption of jurisdiction of the action would impose an unreasonable and oppressive burden upon interstate and foreign commerce.
As we have seen, Airways is not engaged in business outside of the Dominion of Canada. All of its books and records naturally would be in the home office in Montreal. Likewise all of the books and records of the defendant corporation are located in Montreal. To sustain the charges plaintiff would need in the main the testimony of residents of Canada and documentary evidence located there. On the other hand the defendant in the very nature of things would be required, in order to defend itself against the claim, to call as witnesses its principal officers and others who might be familiar with the transaction which a large majority of stockholders approved. The Canadian Pacific system extends from the Atlantic to the Pacific coast of Canada. The development and maintenance of that system of necessity requires the presence of the executive officers in Canada. Their presence in New York for the purpose of appearing as witnesses in this action would, of course, divert their normal efforts and attention. Although that is not controlling nevertheless we can realize that the result of their appearance here and the interruption of regular use of the main office books and records which might have to be brought from Canada to New York would cast an undue burden upon interstate and foreign commerce.
While it is true that the defendant has offices in this city and Buffalo., for the solicitation of freight business and the sale of tickets over its lines outside of the State of New York in addition to the booking of guests for certain hotels which it controls in the Dominion of Canada, still that would not be sufficient to lay a foundation for the claim that it carries on part of its principal business within this State to the extent necessary for the court to retain jurisdiction of the action where the claim arose in Canada and the “ orderly, effective administration of *58 justice ” require that it be disposed of there. (Int. Milling Co. v. Columbia Co., 292 U. S. 511, supra.)
If the plaintiff were to attain the end he seeks of having an alleged debt due Airways paid over for distribution among its stockholders, the judgment of the court would virtually direct a dissolution of a corporation which is a resident of the Dominion of Canada and over which this court has no jurisdiction.
The situation here differs substantially from that which obtained in Hirliman v. Southern Pacific Co. (268 App. Div. 192, supra). As pointed out in the opinion of Mr. Justice Townley in that case not only was the plaintiff there a resident of this State but the defendant conducted a very important part of its business here. Many of its principal officers were located here as were its transfer and income tax bureaus. In view of the extent of the business carried on by the defendant in this jurisdiction we did not consider it unreasonable to require it to meet the complaint in that action here.
For the reasons assigned, the order so far as appealed from should be reversed, with $20 costs and disbursements to the appellant, and the complaint dismissed.
Townley, Callahan and Peck, JJ., concur; Martin, P. J., concurs in result.
Order so far as appealed from unanimously reversed, with $20 costs and disbursements to the appellant, and the complaint dismissed. Settle order on notice.