**MURRAY v. UNION PAC. R. CO.**
**SEALEY v. SAME.**
**Nos. 47C1126, 1127.**

District Court, N. D. Illinois, E. D.
May 3, 1948.

Bruneau E. Heirich, of Chicago, Ill., for plaintiffs.

John A. Sheean, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiffs, residents and citizens of California, brought suit against the defendant, an interstate carrier incorporated under the laws of Utah, in the Superior Court of Cook County, Illinois, for injuries arising out of a derailment occurring in California. The defendant removed the action to this court, and now moves to dismiss the action on the grounds that this is an inconvenient forum and that the maintenance of this suit in any court outside the state of California constitutes an unreasonable burden on interstate commerce. The plaintiffs argue in reply that the defendant, by removing the suit to this court, has waived any objection to venue.

Although the doctrine of forum non conveniens is related to the concept of venue, it can be applied only where there is no mistake of venue. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 504, 67 S.Ct. 839. It is therefore not simply a matter of venue, and the applicability of the doctrine is not determined by any action of a party which would operate as a waiver of venue. It is for the court to determine whether, in its discretion, the suit should be entertained in this forum, in which there is no defect respecting jurisdiction or venue, or whether the suit could more conveniently proceed in another forum in which the defendant is amenable to process. But the power of a court in resisting an imposition upon its jurisdiction is limited to a dismissal of the suit; there is no power to transfer the suit to the proper forum.

Upon a consideration of the criteria which the Supreme Court in the Gulf Oil case, supra, said should be considered, both with respect to the private interests of the litigants, especially that of the defendant not to be vexed or harassed by the plaintiff in being put to trouble and expense not necessary to the plaintiff's right to pursue his remedy, and with respect to the public interest in not concentrating litigation in congested centers which have no relation to the litigation, I think that this is not the proper forum to try cases arising out of a railroad derailment in California, brought by passengers who are residents and citizens of California, against a Utah corporation. Cf. Giles v. Western Air Lines, D.C.Minn. 1947, 73 F.Supp. 616.

Since the actions here were originally filed in the Superior Court of Cook County, the result of the application of the doctrine of forum non conveniens in this court is to remand the cases to that court. This result makes a nullity of the defendant's action in removing the cases from the state to the federal court only to plead the

doctrine of forum non conveniens here, unless the defendant can be upheld in its real purpose, which was to secure a ruling from this court that the maintenance of these actions in any court outside of California is a burden on interstate commerce under the rule of Davis v. Farmers Cooperative Equity Co., 1923, 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996. By removing a case to the federal court a defendant does not waive the right to raise the question that the maintenance of the suit in that forum constitutes a burden on interstate commerce. Michigan Central Railroad Co. v. Mix, 1929, 278 U.S. 492, 495, 49 S.Ct. 207, 73 L.Ed. 470.

In the Davis case the Supreme Court declared at page 317 of 262 U.S., at page 558 of 43 S.Ct., 67 L.Ed. 996:

"But orderly, effective administration of justice clearly does not require that a foreign carrier shall submit to a suit in a state in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside."

In the Supreme Court cases cited by the defendant as applications of the rule of the Davis case, the only connection which the defendants had with the forum was their maintenance of an agent for the solicitation of business, but the defendants did not own lines or operate trains in the state wherein suit was brought. Atchison, T. & S. F. R. Co. v. Wells, 1924, 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928; Michigan Central R. Co. v. Mix, 1929, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470; Denver & Rio Grande W. R. Co. v. Terte, 1932, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295. In International Milling Co. v. Columbia Transportation Co., 1934, 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396, one of the factors differentiating the case from the rule of the Davis case was the fact that the defendant regularly operated its vessels in waters of the state wherein it was sued.

The Union Pacific Railroad does more than merely maintain agents in Illinois for the solicitation of business. It operates trains from the west into Chicago, although it does not own the track over which they operate. The rule of the Davis case applies only if, among other necessary factors outlined in the quotation given above, "the carrier neither owns nor operates a railroad".

I cannot therefore hold, as a matter of federal law under the commerce clause, that the maintenance of these suits in Illinois is a burden on interstate commerce. So far as this court is concerned, however, this is an inconvenient forum. The causes are therefore remanded to the Superior Court of Cook County.