DIOMIRA CINCIS, Appellant, *v.* SEABOARD AIR LINE RAILWAY, Respondent.

Supreme Court, Appellate Term, First Department, March 20, 1952.

*Norman A. Coplan* for appellant.

*Richard Owen* and *Mark F. Hughes* for respondent.

HOFSTADTER, J. The action is brought by a resident assignee for damage to a lot of tomatoes delivered to the defendant as initial carrier at Palmetto, Florida, for shipment to Montreal, Canada. Though the complaint does not reveal the identity of the plaintiff's assignor, the consignee, it appears from the papers that the assignor is a resident of Montreal. The ground of dismissal is that the maintenance of the action here would be an undue burden on interstate commerce.

Since the court's jurisdiction is not aided by assignment of the claim to a resident assignee (*Miele* v. *Chicago, Milwaukee, St. P. & P. R. R. Co.,* 151 Misc. 137, 139), the assignment to the resident plaintiff may be disregarded and the case treated as one between a nonresident plaintiff and a foreign corporation. Under section 225 of the General Corporation Law such an action is maintainable against a foreign corporation doing business here. There being no dispute that the defendant is doing business in the State of New York, the sole question presented is whether the action unreasonably burdens interstate commerce.

The defendant, Seaboard Air Line Railway, is organized in Virginia and its main office is in Norfolk, Virginia. Its trackage runs south from Richmond, Virginia, to Florida and Alabama. It has no tracks north of Richmond. The particular shipment was an entire carload, the car in which it traveled being owned by Fruit Growers Express Co. In fact, part of the transportation was through the State of New York. Whether the prosecution of this suit imposes an unreasonable burden on commerce depends to a large extent on the defendant's activities in this State. It has a freight office at 233 Broadway and a passenger office at 12 West 51st Street, in this city. It has a staff of employees in each office, those in the latter selling passenger tickets. At the 51st Street address it maintains a waiting room, ticket desk and executive offices. It advertises extensively its through service from New York to Florida and other points in the south and features its "blue ribbon streamliners," called the "Silver Meteor," "Silver Star," "Silver Comet," and the "Palmland," and, though it has no tracks in this State, its trains enter and leave the State on the tracks of other railroads. It

has transfer agents and registrars in the city of New York for bond and stock issues. Its annual report elaborates upon its year-round service between New York and the south.

No rigid rule or standard for the determination when an action by a nonresident against a foreign railroad corporation becomes an undue burden on interstate commerce can be found in the cases, and perhaps the decisions are not in complete harmony. The defendant relies mainly on *Davis* v. *Farmers Co-operative Co.* (262 U. S. 312) and *Kalfus* v. *Anderson* (186 Misc. 110, affd. 270 App. Div. 888). The *Kalfus* case was brought against the receivers of the present defendant and there the Appellate Term dismissed and the Appellate Division affirmed the dismissal. Had the facts shown in the present record appeared in the *Kalfus* case, that case against the same carrier would unquestionably be controlling and dispose of this appeal. But, the situation developed in this action was not disclosed in the *Kalfus* case. All that the record there showed was that the Seaboard maintained two offices in the City of New York for the solicitation of business. To subject a carrier, merely soliciting business, to an action on a claim arising far from the forum would, under the *Davis* case, impose an undue burden on commerce.

The activities of the defendant in New York, already cited, go far beyond those shown in the *Kalfus* case. Therefore, the *Kalfus* case is not, in my opinion, decisive of the question posed by the present record.

I think that the right to maintain this suit is upheld by *Jensen* v. *United Air Lines Transport Corp.* (255 App. Div. 611, affd. 281 N. Y. 598); *Hirliman* v. *Southern Pacific Co.* (268 App. Div. 192), and the later cases in the Federal courts, such as *Moss* v. *Atlantic Coast Line R. Co.* (157 F. 2d 1005); *Wadell* v. *Green Textile Associates* (92 F. Supp. 738, 742); and *Murray* v. *Union Pacific R. Co.* (77 F. Supp. 219). It is interesting to note that in some of these Federal decisions the railroads ran through-trains in the State of the forum, but on the tracks of other roads just as the defendant does here. These cases, and especially *International Milling Co.* v. *Columbia Co.* (292 U. S. 511), demonstrate a trend away from the broad rule announced in *Davis* v. *Farmers Co-operative Co.* (262 U. S. 312, *supra*). Interstate commerce is of primary concern to the Federal Government and with the Federal Courts evidencing a liberal attitude towards the maintenance of actions against carriers in a foreign forum, though the plaintiff is not a resident of the forum and his claim also arises elsewhere, I think the State court is justified in taking a like position.

There is no indication that the damage occurred during the passage of the shipment through this State or that witnesses from this State are likely to be called on the trial. In the circumstances, the fact that the car traveled a considerable distance through New York may not be of great significance. Nevertheless, it shows that the shipment was not wholly foreign to this State. Under the authorities, the plaintiff is entitled to prosecute the suit here. The order directing the dismissal of the complaint and the judgment entered thereon are accordingly reversed, with costs to the appellant to abide the event, and the motion denied.

SCHREIBER and HECHT, JJ., concur.

Order and judgment reversed, etc.