■ ALBERT L. WINTERS, JR., Respondent, v. GENERAL TIRE & RUBBER COMPANY et al., Appellants.— Order entered on May 23, 1960, denying motion to dismiss the complaint, unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellants, and motion to dismiss complaint granted, with $10 costs, on conditions hereinafter set forth. It is settled that "the convenience of the court, not that of the litigants, and practical considerations are the essential ingredients for the acceptance or the rejection of actions not otherwise mandated." (*Williams* v. *Seaboard Air Line R. R. Co.*, 9 A D 2d 268, 269.) Where, as here, the action is by a nonresident involving a personal injury occurring in the State of his residence, and the action is to be maintained solely against foreign corporations, our courts should decline jurisdiction of the action in the absence of a clear showing that the interests of justice require a continuance of the action here. (See *Williams* v. *Seaboard Air Line R. R. Co.*, *supra*; *Taylor* v. *Interstate Motor Frgt. System*, 1 A D 2d 933,

appeal dismissed 1 N Y 2d 925; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152, 160; *Ginsburg* v. *Hearst Pub. Co.,* 5 A D 2d 200, affd. 5 N Y 2d 894.) And, this rule should be followed under the special circumstances here, even if we assume that the complaint sets up a cause of action *ex contractu* to recover for the plaintiff's injuries. (See *Schlesinger* v. *Italian Line,* 278 App. Div. 127, affd. 303 N. Y. 994; *Bata* v. *Bata,* 304 N. Y. 51; *Central Pub. Co.* v. *Wittman,* 283 App. Div. 492.) By stipulation, dated March 1, 1961, the defendants have agreed to appear in an action instituted by plaintiff in Rhode Island, if brought "within a reasonable time"; and have further agreed not to interpose the defense of the Statute of Limitations of the State of Rhode Island in such an action there brought "in the event such action is brought within a reasonable time." The determination here reversing the order of May 23, 1960, and granting the motion to dismiss the complaint is upon the condition that the stipulation aforesaid of the defendants fully apply to any action brought in Rhode Island in which process is delivered to the office of the attorneys for the defendant within 30 days after entry of the order hereon; and the defendants shall so agree by written stipulation to be filed with entry of the order hereon. (See *Ginsburg* v. *Hearst Pub. Co., supra.*) Settle order on notice. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.