Louis I. Kaplan, J.
This is a motion by the defendant Black Diamond Steamship Corporation to dismiss the complaint on the grounds that the court does not have jurisdiction of the subject matter.
Plaintiff brings this action in the amount of $5,000 for freezing damage to a shipment of 80 drums of detergents, contracted for and shipped from Philadelphia, Pennsylvania, to Solothurn, Switzerland, by way of Botterdam, Holland.
It is undisputed that plaintiff is a nonresident foreign corporation whose office and place of business is in Solothurn, Switzerland.
Defendant Black Diamond Steamship Corporation asserts that it is also a foreign corporation whose business consists solely of commerce between United States ports and foreign ports. It further asserts that its only contact with this State is an office for the solicitation of business in New York City. Because of its limited contact with this State, and because the contract was made in Philadelphia, defendant claims that it is immune to suit in this State and that maintenance of this action would be an undue burden on commerce in violation of the commerce clause of the Constitution of the United States.
Plaintiff opposes the motion to dismiss, asserting, on information and belief, that New York is the principal place of business of the defendant and no undue burden will be placed upon it. In addition, it opposes the motion on the ground that the Statute of Limitations has run in Philadelphia.
The evidence is ample that the defendant is doing business in this State. It is uncontradicted that defendant has a certificate to do business from the Secretary of State, that its records are kept in New York, that it advertises its office as 2 Broadway, New York, that its general agents and general traffic manager have offices here, that the office employs an estimated 75 people, *486 and that its ships regularly ply the waters of New York harbor. However, defendant’s ship did not have any contact with New York harbor in the transaction involved in this suit.
Section 1314 (subd. [b], par. [5]) of the Business Corporation Law, which was derived from section 225 of the General Corporation Law, reads as follows:
“ (b) Except as otherwise provided in this article, an action or special proceeding against a foreign corporation may be maintained by another foreign corporation of any type or kind or by a nonresident in the following cases only: * * *
“ (5) Where the defendant is a foreign corporation doing business in this state.”
Section 1314 (subd. [b], par. [5]) of the Business Corporation Law is unconstitutional when it is applied to a cause of action in which the defendant foreign corporation is a carrier engaged in interstate commerce, the contract was not made in this State and the goods accepted for transport were upon a route not having any contact with this State (see N. V. Brood en Beschuitfabriek v. Aluminum Co. of America, 231 App. Div. 693; Davis v. Farmers’ Co-op. Equity Co., 262 U. S. 312; Ball v. Canadian Pacific S.S., 6 N. Y. S. 2d 877, affd. without opinion 276 N. Y. 650; Panstwowe Zaklady Graviozne v. Automobile Ins. Co., 36 F. 2d 504).
The question presented to this court is the validity of the statute insofar as it affects an interstate carrier. The court finds that the statute insofar as an interstate carrier is involved imposes an unreasonable burden and violates the commerce clause of the Federal Constitution.
Chief Judge Cardozo in Guerin Mills v. Barrett (254 N. Y. 380, 385) (citing Davis v. Farmers’ Co-op. Equity Co., supra) stated the following: “ The Supreme Court has held that in respect of interstate commerce a non-resident corporation is not subject to suit, even though process be served on one who is a true agent, unless the cause of action grows out of the business transacted within the territory of the forum
Cincis v. Seaboard Air Line Ry. (201 Misc. 887) is clearly distinguishable since part of the transportation of the particular shipment in issue therein was through New York. The shipment in issue in this ease now before the court was wholly foreign to this State.
Accordingly, the motion to dismiss the action is granted, and judgment shall be entered accordingly.