Per Curiam.

In an action by a nonresident foreign corporation against a foreign corporation for damages to a shipment *980 of detergents, contracted for and shipped from Pennsylvania to Switzerland by way of Holland, it was error for the court below to dismiss the action for lack of jurisdiction over the subject matter as an unreasonable burden on interstate com-' merce where the defendant foreign corporation was doing business in this State under a certificate from the Secretary of State; where its records are kept in New York; its advertising denotes its offices in New York; its general agents and general traffic manager have offices here; its office here employs about 75 people; its ships regularly ply the waters of New York harbor; and the general extent of its business activities in this State.
Under section 1314 (subd. [b], par. [5]) of the Business Corporation Law, the action is ordinarily maintainable against a foreign corporation doing business here and to disallow such action, there must be adequate showing that the action here is an unreasonable burden upon interstate commerce. (Cincis v. Seaboard Air Line Ry., 201 Misc. 887, and cases cited therein.)
The fact that no part of the shipment herein travelled through New York does not of itself preclude retention of this suit in New York where all of the attendant circumstances show New York to be the proper forum and where defendant is shown not to be so unreasonably burdened in having to defend the action here.
As this court previously said in Cincis ({supra, p. 890): “ In the circumstances, the fact that the car travelled a considerable distance through New York may not be of great significance ”.
The prohibition of the Constitution is directed only against an interference which is real and substantial as well as unreasonable (Schlesinger v. Italian Line, 278 App. Div. 127) and in reviewing all of the circumstances of this case, the court cannot conclude that the prosecution of this suit in New York imposes upon the defendant carrier a burden so heavy and so unnecessary as to be oppressive and unreasonable and violative of the Federal Constitution in respect of interstate commerce.
The order and judgment dismissing the complaint should be reversed, with $10 costs to the appellant, and the motion denied.
Concur — Gold, J. P., Tilzer, and Hofstadter, JJ.
Order and judgment reversed, etc.